Roy W. SCHULTZ, Plaintiff–Appellee,

Advance Transportation Company, a Wisconsin Corporation, Proposed Intervening Plaintiff–Appellant,

v.

John CONNERY, II, Defendant.

No. 88–1050.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 15, 1988.

Decided Dec. 21, 1988.

John Bernard Cashion, Chicago, Ill., for plaintiff-appellee.

Christopher D. Walther, Walther & Walther S.C., Milwaukee, Wis., for proposed intervening plaintiff-appellant.

Before COFFEY, FLAUM and EASTERBROOK, Circuit Judges.

COFFEY, Circuit Judge.

Appellant Advance Transportation Company appeals the order of the United States District Court denying its motion to intervene pursuant to Federal Rule of Civil Procedure 24(a) in an action filed by the plaintiff-appellee Roy Schultz against defendant John Connery, II. We affirm.

## I.

This appeal arises from a civil action commenced on July 5, 1984, for personal injuries sustained by Schultz in a motor vehicle accident with Connery.[1] The accident occurred while Schultz, an employee of Advance, was driving a truck owned by Advance.[2] Consequently, Advance, through its self-insured worker's compensation fund, paid Schultz benefits pursuant to Wisconsin's Worker's Compensation Act.

Wis.Stat. § 102.01 *et seq.* Schultz thereafter filed an application for rehearing with the State of Wisconsin, Department of Industry, Labor and Human Relations, Worker's Compensation Division seeking benefits in addition to those originally conceded and paid by Advance. Upon rehearing, the Department required Advance to pay the additional benefits sought by Schultz. To date, Advance has paid Schultz approximately $61,000 in worker's compensation benefits, including medical and vocational care and attendants.

On November 10, 1987, more than three years after Schultz filed the underlying action against Connery, Advance filed a motion pursuant to Federal Rule of Civil Procedure 24(a) to intervene in Schultz's suit against Connery. The district court denied Advance's motion, concluding that the motion was untimely and that Advance had failed to establish that Schultz was inadequately representing Advance's interest in his suit against Connery. Advance appeals the denial of its motion to intervene arguing: (1) the district court abused its discretion in finding that Advance's motion was untimely; and (2) the district court erred as a matter of law by denying Advance's motion to intervene as a matter of right.[3]

## II.

The threshold inquiry in this case is whether Advance's motion to intervene was timely. As the United States Supreme Court in *NAACP v. New York*, 413 U.S.

---

1. Jurisdiction in this case is based on diversity of citizenship. 28 U.S.C. § 1332. Plaintiff Schultz is a resident of Wisconsin and defendant Connery is a resident of Illinois.

2. It is undisputed that Schultz was acting within the scope of his employment at the time the accident occurred.

3. Advance filed its notice of appeal to this court on January 8, 1988 with oral argument being held on September 15, 1988. In the interim, the district court entered an order, pursuant to agreement by all parties currently joined in the underlying action, dismissing the action without prejudice and with leave to reinstate upon motion by either party. At oral argument, Judge Easterbrook asked counsel for Advance: "Given

that the action has been dismissed, into what can you intervene?" Advance's counsel replied that the action was not actually dismissed, rather the action was merely stayed due to the possibility of reinstatement upon motion by either party. The panel then requested counsel for Schultz to request a clarification of the district court's order, specifically, whether the case was dismissed or stayed. On September 27, 1988, the district court vacated its prior order dismissing the case, and stayed further proceedings in the underlying action until further order of the court or application by either party. This suit, therefore, is still a "live" controversy and one in which Advance has an alleged interest in intervening.

345, 365–66, 93 S.Ct. 2591, 2602–03, 37 L.Ed. 2d 648, 662–63 (1973), stated:

"Intervention in a federal court suit is governed by Fed.Rule Civ.Proc. 24.... [I]t is at once apparent from the initial words of ... Rule 24(a) ... that the application must be 'timely.' If it is untimely, intervention must be denied. Thus, the court where the action is pending must first be satisfied as to timeliness. Although the point to which the suit has progressed is one factor in the determination of timeliness, it is not solely dispositive. Timeliness is to be determined from all the circumstances. And it is to be determined by the court in the exercise of its sound discretion; unless that discretion is abused, the court's ruling will not be disturbed on review."

(footnotes omitted). This court has repeatedly held that " 'the district court's determination of whether the requested intervention is timely may be reversed only for an abuse of discretion.' " *City of Bloomington, Indiana v. Westinghouse Electric Corp.*, 824 F.2d 531, 534 (7th Cir.1987) (quoting *Jones v. Caddo Parish School Board*, 735 F.2d 923, 926 (5th Cir.1984)). *See also United States v. City of Chicago*, 796 F.2d 205 (7th Cir.1986), *cert. denied*, 479 U.S. 1086, 107 S.Ct. 1291, 94 L.Ed.2d 148 (1987); *Holland v. Sterling Enterprises, Inc.*, 777 F.2d 1288 (7th Cir.1985). The determination of whether a motion to intervene was made in a timely fashion depends on the totality of the circumstances. *City of Bloomington, Indiana*, 824 F.2d at 534. However, this court has enumerated four factors that should be considered in making such a determination:

"(1) The length of time the intervenor knew or should have known of his interest in this case, (2) the prejudice to the original party caused by the delay, (3) the resulting prejudice to the intervenor of the motion is denied, and (4) any unusual circumstances."

*South v. Rowe*, 759 F.2d 610, 612 (7th Cir.1985) (*citing United States v. Kemper Money Market Fund, Inc.*, 704 F.2d 389, 391 (7th Cir.1983)).

Applying these standards the district court found:

"In this case Advance knew or should have known of its interest in the case over three years ago when the case was initially filed. Under Wisconsin law, Advance received a right to bring legal proceedings against the alleged tortfeasor by making worker's compensation payments to the plaintiff.... Advance has failed to show that it would suffer any prejudice by not being allowed to intervene. By contrast, the plaintiff has shown a likelihood of prejudice if the defendant intervenes.... There are no unusual circumstances in this case. Given the above facts, the applicant's motion is untimely."

Advance does not dispute, and we therefore adopt, the district court's findings with regard to the length of time Advance knew or should have known of its interest in this case and the lack of unusual circumstances to justify Advance's three-year delay in moving to intervene in the underlying action. Rather, Advance argues that the denial of its motion to intervene should be reversed because the district court abused its discretion by ruling that Schultz would be prejudiced by Advance's intervention and that Advance would suffer no prejudice by the denial of its motion to intervene.

■ The district court found that Schultz would be prejudiced by Advance's intervention because "[U]nder the Wisconsin statutory scheme, Advance would be allowed to recover attorney's fees if this motion for intervention is granted. The payment of attorney's fees to Advance would directly reduce the ... recovery of the plaintiff." Even assuming *arguendo* that this finding draws support in the record,[4] the considera-

---

**4.** In making such a finding, the district court apparently overlooked the provision in the Wisconsin Worker's Compensation Act which reads: "If both the employe ... and the employer or compensation insurer, join in the pressing of said claim and are represented by counsel, the attorneys' fees allowed as part of the costs of collection shall be ... divided between such attorneys as directed by the court...." Wis.Stat. § 102.29(1). Because the division of attorneys' fees is within the discretion of the district court, it does not automatically follow

tion of whether Schultz will be prejudiced by Advance's intervention is irrelevant. The relevant determination is the prejudice to Schultz resulting from Advance's *delay* in intervening. *City of Bloomington, Indiana,* 824 F.2d at 535. As the Fifth Circuit aptly stated in *Stallworth v. Monsanto Co.,* 558 F.2d 257, 265 (5th Cir.1977):

> "[T]he prejudice to the original parties to the litigation that is relevant to the question of timeliness is only that prejudice which would result from the would-be intervenor's failure to request intervention as soon as he knew or reasonably should have known about his interest in the action."

In finding that Advance's motion to intervene was untimely, the district court failed to consider the prejudice to Schultz resulting from Advance's delay in intervening. As a result, we will make that determination on appeal.

■ Advance contends that Schultz will not be prejudiced by the delay in Advance's intervention because under Wisconsin law Advance had an interest in the proceeds of Schultz's claim as soon as it made the worker's compensation payments to Schultz. The Wisconsin Worker's Compensation Act ("WWCA") sets forth the formula under which Advance's and Schultz's shares in the proceeds from this lawsuit will be determined:

> "[I]rrespective of whether or not all parties [having a right to make claim] join in prosecuting such claim, the proceeds of such claim shall be divided as follows: After deducting the reasonable costs of collection, one-third of the remainder shall in any event be paid to the injured employe or the employe's personal representative or other person entitled to bring action. Out of the balance remaining, the employer or insurance carrier shall be reimbursed for all payments made by it, or which it may be obligated to make in the future.... Any balance remaining shall be paid to the employe or

the employe's personal representative or other person entitled to bring action." Wis.Stat. § 102.29(1). While this provision makes clear that Advance does indeed have an interest in the proceeds of this lawsuit, it also explicitly provides that neither Advance's nor Schultz's interests are dependent on whether Advance is a party to this lawsuit. If Schultz's interest in the proceeds from this action are not dependent on *whether* Advance intervenes, we fail to understand how Schultz can argue that his rights are somehow dependent on *when* Advance intervenes. Nevertheless, Schultz disputes Advance's right to intervene, but neither disputes Advance's right to share in the proceeds nor provides us with any facts to conclude that Advance's delay in intervention has caused him prejudice. Thus, we hold Schultz has not been prejudiced as a result of Advance's delay in intervening.

■ Our holding on this issue is not, however, the end of our inquiry. Advance also alleges that the district court abused its discretion in finding that Advance will suffer no prejudice if its motion to intervene is denied. However, the fact that under the WWCA neither Advance's nor Schultz's interests in this action are dependent on whether Advance successfully intervenes is somewhat of a double-edged sword. While this fact convinces us that there is no prejudice to Schultz resulting from Advance's delay in intervening, it also persuades us that Advance will not be prejudiced if its motion to intervene is denied. The provision of the WWCA referenced above makes clear that Advance is entitled to the same share of the proceeds regardless of whether it is a party to this lawsuit. Although Advance contends that it is entitled to intervene in order to guard against a potentially creative plaintiff's lawyer seeking to somehow reduce Advance's recovery, we find this speculative argument unpersuasive. Under the Wisconsin statutory scheme, it is in Schultz's best interest to attempt to maximize his recovery from Connery. Although Schultz is entitled to an automatic one-third share of the pro-

that Schultz's recovery would be reduced if Advance were permitted to intervene in this lawsuit.

ceeds, he is also entitled to all proceeds remaining after Advance has been *"reimbursed for all payments made by it, or which it may be obligated to make in the future...."* *Id.* (emphasis added). In other words, in order for Schultz to maximize his recovery from Connery, Advance must initially be reimbursed for all of Schultz's worker's compensation benefits that it has previously paid or will be obligated to pay in the future. Because Advance's right to reimbursement in no way depends on whether it is a party to this lawsuit, we conclude that Advance has failed to establish the likelihood of prejudice if its motion to intervene is denied. Consequently, we hold that the district court did not abuse its discretion in finding that Advance would not be prejudiced if it were not a party to this action.

In conclusion, Advance has failed to establish that it will suffer any prejudice if it is not allowed to intervene in this lawsuit, a lawsuit of which Advance had been aware for over three years prior to filing its motion to intervene. Although it is unlikely that Schultz has been prejudiced by this delay, Advance offers this court no reason or unusual circumstances justifying its failure to intervene this late in the game. In view of these facts, we hold that the district court did not abuse its discretion in denying Advance's motion to intervene.

## III.

We need not reach Advance's next contention that the district court erred in finding that Schultz was adequately representing Advance's interest in this lawsuit. It is well settled that a prospective intervenor has the burden of establishing four requirements in order to obtain intervention as of right:

> "The application must be timely. The intervenor must show an interest relating to the property or transaction which is the subject of the action. The intervenor must show that the disposition may as a particular matter impair or impede the intervenor's ability to protect that interest. And, the intervenor must

show that the interest is not adequately represented by existing parties."

*United States v. 36.96 Acres of Land,* 754 F.2d 855, 858 (7th Cir.1985), *cert. denied,* 476 U.S. 1108, 106 S.Ct. 1956, 90 L.Ed.2d 364 (1986). "Failure to satisfy even one of these requirements is sufficient to warrant a denial of a motion to intervene as of right." *United States v. City of Chicago,* 796 F.2d 205, 209 (7th Cir.1986), *cert. denied,* 479 U.S. 1086, 107 S.Ct. 1291, 94 L.Ed.2d 148 (1987). In view of our previous holding that Advance has failed to establish the first of these four requirements, our analysis need go no further. The district court's order denying Advance's motion to intervene in this action is therefore

AFFIRMED.