## LOCAL 322, ALLIED INDUSTRIAL WORKERS OF AMERICA, AFL–CIO, Plaintiff–Appellant,

v.

## JOHNSON CONTROLS, INC., GLOBE BATTERY DIVISION, Defendant–Appellee.

### No. 90–1259.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 8, 1990.

Decided Jan. 11, 1991.

Kenneth R. Loebel, Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, Milwaukee, Wis., for plaintiff-appellant.

Susan R. Maisa, Stanley S. Jaspan, Foley & Lardner, Milwaukee, Wis., for defendant-appellee.

Before CUMMINGS, MANION and KANNE, Circuit Judges.

MANION, Circuit Judge.

Local 322 of the Allied Industrial Workers (Local 322) appeals the district court's dismissal of its challenge to Johnson Controls' fetal protection policy. The only question before us is whether Local 322 was a party in the case of *International Union, UAW v. Johnson Controls*, 886 F.2d 871 (7th Cir.1989) (en banc), *cert. granted*, —— U.S. ——, 110 S.Ct. 1522, 108 L.Ed.2d 762 (1990), and thus precluded by the doctrine of res judicata from reviving its district court action following our ruling in favor of Johnson Controls. We hold that Local 322 was an actual party in that case, and therefore affirm the district court's conclusion that it is bound by that final judgment.

## I. Procedural Background

In 1984 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, several UAW local unions and a group of individual employees (hereinafter "UAW") sued Johnson Controls over its fetal protection policy before Judge Robert W. Warren of the Eastern District of Wisconsin. The UAW alleged that the policy, which seeks to prevent unborn children and their mothers from suffering the adverse effects of lead exposure, violated Title VII, 42 U.S.C. § 2000e, *et seq.*

On March 19, 1985 Local 322 commenced this suit, also before Judge Warren, and also alleging that Johnson's policy violated Title VII's sex discrimination ban. Local 322 moved to consolidate its case with that of the UAW, but the district court on November 25, 1985 denied the motion because discovery had not begun and the court lacked sufficient information about each case's factual background to make a decision on the need for consolidation. On February 14, 1986, Johnson moved for summary judgment. Local 322 on February 24, 1986 again sought to consolidate its case with that of the UAW. In the alternative, Local 322 asked for a stay until resolution of the UAW's dispositive motions. On September 24, 1986, Judge Warren stayed the proceedings in this case until the issues relating to the validity of the fetal protection policy were determined in the UAW case.

On October 7, 1986, Local 322 moved for permission to intervene in the UAW action under Fed.R.Civ.P. 24, or alternatively for permission to file an amicus curiae brief in response to Johnson's motion for summary judgment. On January 21, 1988, the district court denied Local 322's Rule 24 motion because it was untimely, and also because it concluded that Local 322 could add nothing to the arguments already presented by the UAW. On that same date the court granted Johnson's motion for summary judgment, and the UAW appealed. *International Union v. Johnson Controls, Inc.,* 680 F.Supp. 309 (E.D.Wis.1988).

On March 11, 1988 Local 322 moved this court for leave to intervene in the UAW's appeal. That motion requested that Local 322 receive "full rights" as a party, including "the right to file briefs and to be heard on oral argument." On March 24, 1988 we granted Local 322's motion to participate as an intervenor. We later denied Johnson's motion to reconsider, and permitted Local 322 to supplement the record with material from its district court action. Meanwhile, because Local 322 was participating as a party in the appeal, the district court on October 13, 1988 again issued an order staying the proceedings below. On June 12, 1989, we issued an order, over the UAW's objection, allotting 10 minutes of oral argument time to Local 322. Local 322 proceeded to file full briefs on the merits and participated in oral argument before this court.

After we issued our en banc opinion on September 26, 1989, Local 322 sought to reopen the district court proceedings, arguing by letter that issues remained open to it under our decision to show that Johnson's fetal protection policy violated Title VII. The district court granted Johnson's motion to dismiss, holding that Local 322 was barred by the doctrine of res judicata from relitigating its claim in the district court. This appeal followed.

## II. Discussion

Res judicata applies when three elements are present: "(1) a final judgment on the merits in a prior action; (2) the identity of the cause of action in both the prior and subsequent suits; and (3) the identity of parties or privies in these suits." *Crop-Maker Soil Serv. v. Fairmount State Bank,* 881 F.2d 436, 439 (7th Cir.1989), quoting *Shaver v. F.W. Woolworth Co.,* 840 F.2d 1361, 1364 (7th Cir.1988). The federal doctrine of res judicata "serves the interests of judicial economy and finality" by preventing parties from relitigating identical causes of action. *Crop-Maker,* 881 F.2d at 438. Local 322 admits the first two elements. The union's only argument is that it was not a party to the lawsuit between Johnson and the UAW, and thus

that there is no identity of parties between that action and this.

Local 322 argues that it never had full rights of a party in UAW's appeal before this court. In support it makes three related points: 1) Local 322 was not allowed to intervene before the district court, where the record was made. The Seventh Circuit merely affirmed the district court's decision on the record as presented by the UAW, and also affirmed the district court's decision to deny intervention to Local 322; 2) although the Seventh Circuit allowed Local 322 to intervene on appeal, it was "apparently" only for the limited purpose of determining whether the district court properly disallowed intervention below; and 3) the Seventh Circuit decision is based exclusively on the record presented by the UAW and does not address additional questions raised by Local 322. Our review of the record compels us to agree with the district court—Local 322 was in fact a party on appeal, its arguments were addressed by our prior decision, and it therefore must be bound by our judgment in favor of Johnson Controls.

The union is correct that we affirmed the district court's refusal to allow Local 322 to intervene at the district court level. In footnote 1, *International Union, UAW v. Johnson Controls, Inc.*, 886 F.2d at 874, we noted that:

> More than two years [after the UAW filed suit], Local 322 of the Allied Industrial Workers of America attempted to intervene under Fed.R.Civ.P. 24(a)(2). The district court denied the motion, and Local 322 has appealed. We affirm the district court's decision on the basis of the motion's untimeliness. *See Schultz v. Connery*, 863 F.2d 551, 552–55 (7th Cir.1988).

However, that footnote said nothing about our later decision to allow Local 322 to participate as an intervenor on appeal. It merely affirmed the lower court's refusal to allow intervention in the district court, in response to a small portion of Local 322's brief related to that question. The major portions of Local 322's brief and oral argument were devoted to the merits of the fetal protection policy. That is because we granted Local 322 full rights as a party on appeal when we allowed Local 322 to intervene.

Local 322's "Motion for Leave to Intervene" argued that allowing it to intervene on appeal "would not only not result in any delay in the instant proceedings but would overall result in economizing the expenditure of judicial resources in that the ultimate decision of this Court would necessarily also be dispositive of [Local 322's] challenge to the FPP ...". Local 322 moved "for leave to intervene with full rights as parties [sic], including the right to supplement the record [with discovery from its district court action] and the right to file briefs and to be heard on oral argument." On March 14, 1988, Judge Cummings for this court ordered that motion "GRANTED and Local 322, Allied Industrial Workers of America, AFL–CIO may participate in this appeal as an intervening appellant." Johnson Controls followed with a response in opposition to Local 322's motion to intervene and supplement the record, which was denied by Judge Cummings on April 20, 1988. After the oral argument date was set, Local 322 filed a "motion to permit the intervening plaintiff-appellant, Local 322 ... some portion of time to present oral argument." Chief Judge Bauer granted that motion on June 12, 1989, over the objection of the UAW, and allotted Local 322 one-third—10 minutes—of the plaintiffs-appellants' time.

There were no limitations placed on Local 322's participation in the appeal. Local 322 was allowed to supplement the record with information obtained during discovery with Johnson. Local 322 briefed and argued the merits of the fetal protection policy. Local 322 was listed as a party in the case's judgment. As the district court concluded, Local 322's contention that its appearance in the appeal was for a limited purpose is "patently untrue," and "a mischaracterization of [its] role in that action...."

Local 322 finally argues that res judicata should not apply because the Seventh Circuit did not address all the arguments it

raised in its briefs, and that it was therefore not given an opportunity to fully and fairly litigate its opposition to the fetal protection policy. Even if that were true, res judicata would still bar Local 322's attempt to continue litigating against the fetal protection policy. *See e.g. Alaska v. Andrus*, 429 F.Supp. 958, 964 (D.Alaska 1977) ("It is perhaps unfortunate that by operation of res judicata and collateral estoppel that the judgment herein may preclude further action in Washington D.C. However, the State is entitled to its day in court on these issues and intervention in those proceedings is not its only choice. Indeed, it is only due to the fact that the intervenors requested to be allowed into this action that this judgment may be binding on them in the other case."). "Moreover, res judicata bars not only those issues that the parties actually litigated, but also any issue which the parties could have raised in the prior action." *Gray v. Lacke*, 885 F.2d 399, 404–05 (7th Cir.1989) (citations omitted); *Crop–Maker*, 881 F.2d at 439.

However, our case is simpler because Local 322's claims were treated and resolved by the Seventh Circuit, although obviously not to Local 322's satisfaction. Local 322's suggestion that the court did not address whether "other alternative acceptable practices and policies ... could have been followed with far less discriminatory effects on fertile female's right to equal employment opportunities" is false. Although we wrote that "the UAW failed to present facts sufficient for a trier of fact to conclude that less discriminatory alternatives would equally effectively achieve an employer's legitimate purpose of protecting unborn children from the substantial risk of harm lead exposure creates ...", 886 F.2d at 891, that conclusion was necessarily based on the whole record before us, including evidence put forward by Local 322. Nothing provided by the UAW or Local 322 met "the burden a Title VII plaintiff must carry in order to establish that an employer's policy is invalid on the basis of availability of less discriminatory alternatives." *Id.* Local 322's claims were raised and addressed, and now Local 322 is bound by its decision to become a party on appeal, and by our decision in favor of Johnson Controls.

The judgment of the district court dismissing Local 322's challenge to Johnson's fetal protection policy is therefore

AFFIRMED.