**SOUTHMARK CORPORATION,**
Plaintiff–Appellee,

v.

**Jeffrey CAGAN and Cagan Realty, Inc., et al., Defendants.**

**Dolores Fuhrman, Individually and on Behalf of a Class of Investors, Proposed Intervenor–Appellant.**

**No. 91–1190.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 17, 1991.

Decided Dec. 6, 1991.

Hal R. Morris (argued), Michael R. Turoff, Debra Williams, Arnstein & Lehr, Chicago, Ill., for plaintiff-appellee.

David A. Genelly (argued), Kenneth F. Berg, Fishman & Merrick, Chicago, Ill., for defendants.

Lawrence W. Schad, James Shedden, Beeler, Schad & Diamond, and David A. Genelly (argued), Kenneth F. Berg, Fishman & Merrick, Chicago, Ill., for intervenor-appellant.

Before CUMMINGS, COFFEY and KANNE, Circuit Judges.

principal and an aider and abettor in *Morris,*    Doig cannot be double-counted here.

CUMMINGS, Circuit Judge.

This appeal is by Dolores Fuhrman, an Illinois school teacher who unsuccessfully sought to intervene in this foreclosure litigation on behalf of herself and all other persons who invested in one of the "Diamondhead Partnerships"[1] between June 1987 and March 1988 and whose money was allegedly diverted from those partnerships by Earl Dean Gordon and his partner, Kenneth Boula.

The petition to intervene was sought as of right under Federal Rule of Civil Procedure 24(a)(2) or alternatively as a permissive intervention under Rule 24(b)(2). Judge Nordberg denied the intervention as of right on the ground that the class (1) had no direct and significant interest in this action, (2) could sue Southmark Corporation, the plaintiff in this action, and (3) was adequately represented by the receiver herein. Permissive intervention was also denied on the ground that Fuhrman's claims would "not preserve judicial resources" and would threaten "to undermine the efficiency" of the foreclosure suit (Appellant's App. A–14). We affirm.

This lawsuit is best understood by considering the first amended complaint filed below by Southmark Corporation, a Georgia corporation with its principal place of business in Dallas, Texas. That pleading shows that defendant Jeffrey Cagan and Cagan Realty, Inc. (lumped together as one entity) was appointed as receiver for Equity Builders, Inc. ("EBI") and Riviera Utilities of Arkansas, Inc. ("Riviera") in another action entitled *Gaskill v. Gordon, Boula, et al.*, No. 88 C 3404 (N.D.Ill.), pending before Judge Williams.[2] In the first amended complaint herein, plaintiff Southmark stated that the receiver took posses-

sion of all property of EBI and Riviera on March 17, 1989.

In June 1989, the district court granted Southmark leave to file this foreclosure complaint against the receiver, which was ancillary to the primary *Gaskill* suit. Southmark brought the present suit on two promissory notes to foreclose a mortgage on real and personal property in Arkansas and to foreclose a security interest in the stock of Riviera.[3] Southmark's subsidiary, Resort Land Corporation ("Resort"), sold the Diamondhead real property and the Riviera shares to EBI for $3,539,703 on June 15, 1987, and Resort took two promissory notes, a mortgage on the real property and a security interest in the Riviera stock. In November 1987, Resort assigned to Southmark its right to receive payments from EBI. That company paid approximately $900,000 toward the agreed-upon purchase price but paid nothing on the notes or mortgage after December 1988. Thus, as of October 24, 1990, the notes were delinquent in the amount of $3,429,-463.90, with interest accruing at $772.80 a day. As a consequence, Southmark filed this action to foreclose its mortgage and security interest and filed a motion for summary judgment which still pends.

On September 14, 1990, Cagan filed an amended counterclaim (which was not docketed until December 27, 1990). The amended counterclaim was brought not only by Cagan but also by Dolores Fuhrman, individually and on behalf of the investors in the Diamondhead Partnerships. In the amended counterclaim, among other matters, Cagan and Ms. Fuhrman sought an equitable lien on the Diamondhead properties and Riviera stock. Five days later

---

1. The Diamondhead Partnerships were defined in a September 1990 amended counterclaim filed by Jeffrey Cagan, Cagan Realty, Inc., and Ms. Fuhrman, individually and on behalf of the class, as consisting of Diversified Shared Equity Income Associates, Diamondhead Condominium Partners, Diamondhead Eagles Roost Partners, Diversified Growth Associates, and Diversified Growth Partners, supposedly used by Gordon and Boula as part of a pyramid scheme.

2. The investors in Financial Concepts (dubbed Gordon's and Boula's "financial empire") filed

the *Gaskill* class action. The receiver was appointed to manage Financial Concept's remaining assets. Dolores Fuhrman is a member of the class that filed *Gaskill*. Gordon and Boula, defendants in that action, are serving prison terms after pleading guilty to federal fraud charges. *See United States v. Boula*, 932 F.2d 651 (7th Cir.1991).

3. Prior to filing this suit, Southmark had filed a foreclosure suit in Garland County Chancery Court in Arkansas, but the court below denied its application to proceed therein.

Dolores Fuhrman's petition to intervene was filed and was supported by the amended counterclaim.[4] Intervention was denied on December 21, 1990, 1990 WL 251824. Consequently in June 1991, Ms. Fuhrman and the receiver filed a class action against Southmark, Resort and North American Corporation, a wholly owned subsidiary of Southmark, seeking, *inter alia*, to impose an equitable lien and constructive trust on Diamondhead. *Cagan and Cagan Realty, Inc. and Fuhrman v. Southmark Corp., et al.*, No. 91 C 3720 (N.D.Ill.), pending before Judge Grady on defendants' motion to dismiss.

We affirm the denial of intervention.

## I. Intervention As Of Right

■ Federal Rule of Civil Procedure 24(a) states in relevant part that:

Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Thus, as we noted in *Meridian Homes Corporation v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 203 (7th Cir.1982), the following four elements for intervention as of right must be satisfied:

(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action, and (4) lack of adequate representation of the interest by the existing parties to the action.

Petitioner has failed to satisfy the timeliness, potential impairment and lack of adequate representation requirements.

■ As to timeliness, Ms. Fuhrman did not seek to intervene until more than fifteen months after this action was filed, and

indeed on the same day that Southmark filed its motion for summary judgment on its first amended complaint. Southmark's suit for foreclosure was not still in the initial pleading stage, as petitioner argues, for the complaint was answered on September 18, 1989, a year before intervention was sought, and the first amended complaint was answered May 25, 1990, several months before intervention was sought. Since petitioner is represented by the same lawyer as the receiver and is a member of the class involved in the 1988 related lawsuit of *Gaskill v. Gordon, Boula, et al.*, No. 88 C 3404, also pending below, the delay in seeking to intervene herein is particularly inexcusable. *Schultz v. Connery*, 863 F.2d 551 (7th Cir.1988); *Bloomington, Ind. v. Westinghouse Elec. Corp.*, 824 F.2d 531 (7th Cir.1987); *Federal Deposit Ins. Corp. v. Hanrahan*, 612 F.2d 1051, 1053 (7th Cir.1980); *Preston v. Thompson*, 589 F.2d 300, 304 (7th Cir.1978); 7C Wright, Miller & Kane, Federal Practice and Procedure § 1916 (1986). In these circumstances, timeliness has not been shown.

Petitioner argues that her petition to intervene was timely because it was filed within three months after Southmark challenged Cagan's standing to raise fraud and breach of fiduciary duty counterclaims. This argument is without merit. At the time the suit was filed, petitioner was aware that Cagan was not her legal representative. In any event, the court below has not yet decided that Cagan has no standing to pursue these claims, and it is premature to assume that it will do so.

We need not decide the difficult question of whether petitioner's interest in the action is direct and substantial. Even if petitioner's interest were direct and substantial, petitioner has also not shown that her interest will be impaired by disposition of the foreclosure action. Petitioner only has a potential unliquidated tort claim against Southmark. She will be impaired only if Southmark is successful in its suits, disposes of the Diamondhead properties, and has

---

**4.** A second amended counterclaim was filed in lieu of the amended counterclaim on February 8, 1991. Southmark moved to dismiss it on April 26, 1991. Apparently that motion is still pending.

no other assets against which to levy. Moreover, as mentioned above, petitioner has subsequently filed below her own lawsuit, along with the receiver, so that instead of being prejudiced by denial of intervention her position will be aired in that lawsuit or in the consolidation of the three lawsuits suggested *infra*. Consequently the third requirement of Rule 24(a) is lacking.

The fourth and final requirement for intervention as of right is lack of adequate representation by the existing parties. Here petitioner's interests in defeating foreclosure are adequately represented by the receiver, who has the same interests and who is represented by petitioner's own counsel. Her interests are also protected by the claims regarding breach of fiduciary duty and fraud asserted in the receiver's second amended counterclaim filed in this lawsuit on February 8, 1991. All these elements show that Fuhrman could have sought intervention earlier and was not prejudiced by not being permitted to intervene.

Since three of the four requirements for intervention as of right have not been satisfied, and in any event since intervention as of right fails if any one of them is lacking, the district judge properly refused such intervention.

## II. Permissive Intervention

Permissive intervention is controlled by Rule 24(b) of the Federal Rules of Civil Procedure, which provides in relevant part:

> Upon timely application anyone may be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

We will overturn the district court's denial of permissive intervention only if it was an abuse of discretion. *Keith v. Daley*, 764 F.2d 1265, 1272 (7th Cir.1985), certiorari denied 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336. As with intervention as of right, permissive intervention may only be granted if the petition is timely, and, as previously shown, this petition is not timely.

Additionally, permissive intervention is to be denied if it would unduly delay or prejudice the adjudication of the rights of the original parties. Certainly the adjudication of the rights of the original parties would be unduly delayed here because the lawsuit was filed in June 1989 and is already pending on a motion for summary judgment. Since petitioner's tort claims do not relate to the issues of mortgage validity and default involved in this foreclosure action, no abuse of discretion has been shown in Judge Nordberg's denying permissive intervention. As he explained, the fraud and RICO defenses raised by petitioner are collateral to the validity and default of the Diamondhead mortgage. We agree that the request for permissive intervention was properly denied because, as the district court stated, "allowing the intervenors to present their RICO and fraud claims does not preserve judicial resources, and, in fact, threatens to undermine the efficiency of a straightforward [foreclosure] proceeding" (Appellant's App. A–14).

While affirming the judgment below, we are cognizant that the issues in this case are somewhat interrelated with the issues involved in *Gaskill v. Gordon, Boula, et al.*, No. 88 C 3404 (N.D.Ill.), pending before Judge Williams, and *Cagan and Cagan Realty, Inc. and Fuhrman v. Southmark, et al.*, No. 91 C 3720, pending before Judge Grady. Consequently, we strongly suggest that Judge Williams, to whom the earliest of the three related cases was assigned, request the district court's Executive Committee to consolidate the three cases and reassign them to her under that court's Rule 2.31d in order to avoid potentially inconsistent judgments.

Affirmed with direction.