9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit
Lonnie LEAR, Plaintiff,
v.
CHOCTAW TRANSPORTATION COMPANY, INC., Defendant-Appellee.
Appeal of R. Anthony MARRESE, M.D.
 No. 93-1064.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1993.*
Decided Oct. 15, 1993.
 
 Before BAUER and MANION, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 The appellant, Dr. Marrese, is a non-party expert witness who seeks to avoid discovery pertaining to a peer review proceeding which he claims is privileged under state law. The defendant-appellee filed a motion to compel his deposition testimony and no response was filed by the plaintiff. The district court issued an order compelling Dr. Marrese to testify and he subsequently filed a motion to intervene and a separate motion for reconsideration of the discovery order. Both motions were denied. Although Dr. Marrese contests the denial of both motions on appeal, this court limited the appeal to the intervention order.
 
 
 2
 Federal Rule of Civil Procedure 24(b)(2) provides that the district court shall exercise its discretion in considering whether intervention is appropriate. Relevant factors a court should consider in ruling on a motion for permissive intervention include: 1) whether the proposed intervenor asserts a claim or defense presenting a question of law or fact in common with the main action; 2) whether representation by the original parties is adequate; 3) whether the application is timely, and 4) whether intervention would unduly delay or prejudice the rights of the original parties. Southmark Corp. v. Cagan, 950 F.2d 416, 418 (7th Cir.1991). Failure to satisfy one of the above elements is grounds for denial of a motion to intervene, however satisfaction of all four does not create a right to intervene. Only upon finding that the district court abused its discretion will this court disturb the denial of permissive intervention. Southmark Corp. v. Cagan, 950 F.2d at 419; Keith v. Daley, 764 F.2d 1265 (7th Cir.), cert. denied, 474 U.S. 980 (1985).
 
 
 3
 Were it not for this court's conclusion that the order compelling Dr. Marrese to testify cannot be appealed, his plea for intervention would be somewhat persuasive. Dr. Marrese's claim of privilege was never advanced by the plaintiff and his argument in favor of intervention for a limited purpose was supported by relevant case law. Central to the issue of intervention, however, is the objective sought to be obtained by the proposed intervenor. United States v. American Tel. and Tel. Corp., 642 F.2d 1285, 1293 (D.C.Cir.1980). Each of the factors to be considered above must be evaluated in relation to the specific purpose of the intervention. Here, Dr. Marrese seeks to intervene for the limited purpose of seeking to modify the district court's order compelling him to testify. Because this court has already determined that Dr. Marrese cannot appeal that order, he can only seek review by filing a motion to reconsider. That, of course, he has already done and his motion was denied by the district court.
 
 
 4
 Whether the district court had jurisdiction to rule on Dr. Marrese's motion to reconsider, after denying his motion to intervene, is immaterial because the court's ruling allows us to anticipate the outcome of such a motion. Thus, the question whether intervention is appropriate is rendered moot by this court's and the district court's refusal to review the discovery order. Dr. Marrese must follow the general method of challenging a discovery order by refusing to comply with it and subjecting himself to a contempt citation. While we acknowledge the burden placed on litigants by this method of obtaining review of discovery orders, we have repeatedly held it insufficient to justify the grant of an appeal. Reise v. Bd. of Regents of the Univ. of Wis. Sys., 957 F.2d 293 (7th Cir.1992); Powers v. Chicago Transit Auth., 846 F.2d 1139 (7th Cir.1988).
 
 
 5
 Finally, we turn to the appellee's request that we impose sanctions and award costs and attorney's fees against Dr. Marrese for filing a frivolous appeal pursuant to "Rule 11." Not only has the appellee failed to cite the correct rule, but the appellee has failed to persuade us that sanctions are warranted under Federal Rule of Appellate Procedure 38.
 
 
 6
 The two-part test for sanctions under Rule 38 is 1) whether the appeal is frivolous and 2) whether sanctions are appropriate. A-Abart Electric Supply, Inc. v. Emerson Electric Co., 956 F.2d 1399, 1406 (7th Cir.), cert. denied, 113 S.Ct. 194 (1992). We do not find that Dr. Marrese's appeal was frivolous. His arguments in favor of intervention were not baseless. In addition, his discussion of the merits of his claim of privilege was not wholly inappropriate, as it could have been relevant to an evaluation of his objective in seeking intervention.
 
 
 7
 For the reasons stated above, we AFFIRM the district court's denial of permissive intervention and DENY the appellee's request for sanctions.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record