HOME SAVINGS OF AMERICA,
FSB, Plaintiff,

v.

PIONEER BANK AND TRUST COMPANY as T/U/T # 25779, Dianne Kroll, and Monogram Home Equity Corporation, Defendants,

and

John Berbas, Intervening Defendant.

No. 96 C 2412.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 12, 1996.

Elizabeth Fay Kaplan, Renee Fawn Meltzer, Michael Steven Fisher, Arlene Natalie Gelman, Fisher & Fisher, P.C., Chicago, IL, Mark A. Schramm, Esposito, Heuel & Schramm, Chicago, IL, for Plaintiff.

Nicholas C. Syregelas, Nicholas C. Syregelas & Associates, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is third party John Berbas' motion to intervene as of right as a party defendant pursuant to Federal Rule of Civil Procedure 24. For the reasons that follow, the court grants Berbas' motion.

### I. BACKGROUND

Third party Berbas claims that he is a co-owner and tenant-in-common, with defendant Dianne Kroll, of a building at 1536 North Oakley, Chicago, Illinois. Berbas alleges that pursuant to a 1986 settlement agreement between him and Kroll, Kroll had the right to live in and collect rent from the building, but could not encumber the property. Also pursuant to the settlement agreement, Berbas is entitled to 60 percent of the proceeds from the sale of the property.

Berbas alleges that, in 1993, Kroll executed false quit claim deeds and forged Berbas'

name on the deeds, thus making it appear as if she were the sole owner of the property. Based on these fraudulent deeds, in 1995, Kroll obtained from plaintiff Home Savings of America, FSB, a $240,000 mortgage. Kroll failed to make payments on the mortgage, so Home Savings brought this cause of action seeking a judgment of foreclosure on the property. Berbas has moved to intervene as of right as a defendant in Home Savings' lawsuit.

## II.  *DISCUSSION*

■ Berbas claims he has a right to intervene in this action because disposition of the case may impair his ability to protect his interest, and no other party adequately represents his interest. The court agrees.

Federal Rule of Civil Procedure 24 provides:

> [A]nyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2). In addition, the application for intervention must be timely. *See Security Ins. Co. of Hartford v. Schipporeit, Inc.,* 69 F.3d 1377, 1380 (7th Cir.1995) (citing *United States v. City of Chicago,* 798 F.2d 969, 972 (1986), *cert. denied sub nom. O'Sullivan v. United States,* 484 U.S. 1041, 108 S.Ct. 771, 98 L.Ed.2d 858 (1988); *United States v. 36.96 Acres of Land,* 754 F.2d 855, 858 (7th Cir.1985), *cert. denied sub nom. Save the Dunes Council, Inc. v. United States,* 476 U.S. 1108, 106 S.Ct. 1956, 90 L.Ed.2d 364 (1986)).

### A.  *Timeliness*

■ The court finds Berbas' motion for intervention timely. In determining whether a motion to intervene is timely, the court considers the length of time the intervenor knew or should have known of his interest; the prejudice to the original party caused by the delay; the prejudice to the intervenor

that would result if the motion was denied; and any other unusual circumstances. *People Who Care v. Rockford Board of Educ.,* 68 F.3d 172, 175 (7th Cir.1995) (citing *Shea v. Angulo,* 19 F.3d 343, 348–49 (7th Cir.1994); *Schultz v. Connery,* 863 F.2d 551 (7th Cir. 1988)).

### 1.  Length of time Berbas knew of his interest

Berbas claims that the property was solely his prior to 1986, and that he has had a 50 or 60 percent interest in it since then. Berbas has presented documents supporting his claim. Thus, Berbas has known of his interest in the property for years. However, it appears that Berbas learned of the threat to his interest only within the last year.

Berbas' attorney conducted a title search on the property some time in 1996 and learned of the allegedly fraudulent transfers of title to the property that occurred between 1993 and 1995. Home Savings filed its foreclosure action in late April 1996, and Berbas attempted to enter the case in early July 1996. Thus, it appears that no more than six months, and probably less, passed from the time Berbas learned that his interest was threatened to the time he acted to protect his interest. This is not an inordinate length of time; rather, Berbas moved to intervene relatively quickly after he learned of the threat to his property interest.

### 2.  Prejudice to Home Savings by delay caused by intervention

Home Savings argues that it is prejudiced by Berbas' delay in asserting his rights. Home Savings states that the mortgage has been "nonperforming" since November 1995, and its losses are mounting.

Home Savings filed its cause of action on April 24, 1996, and Berbas first attempted to intervene just over two months later, on July 2, 1996. In the period of time in between, the only case activity that occurred was Home Savings' motion for an order of publication. Since Berbas' initial attempt to enter this case, the court has not entered any substantive orders in this case, which is still in its pleading stage. Moreover, Home Sav-

ings has taken no further steps to foreclose on the mortgage, even though the court did not stay the foreclosure proceedings until October 22, 1996. Therefore, the court does not find that Home Savings has suffered any prejudice by the short delay caused by Berbas' attempt to intervene.

### 3. Prejudice to Berbas if his motion is denied

Conversely, the court finds that Berbas likely will be prejudiced if the court denies his motion to intervene. As the court explains in subsection C, below, if Berbas' motion to intervene is denied, Berbas may be deprived of the ability to protect his interest in the property.

### 4. Unusual circumstances

Finally, the court notes that the unusual circumstances of this case lend support to the court's conclusion that Berbas' motion is timely. Kroll allegedly forged Berbas' name on the deed that she presented to Home Savings in support of her mortgage application, deceiving Home Savings as well as Berbas. If this fraud actually occurred, the deception prevented Home Savings from knowing that Berbas had an interest in the property; prevented Berbas from knowing that his property was encumbered by the mortgage; and therefore caused or contributed to any delay in Berbas' asserting his property rights.

Accordingly, the court finds that a weighing of the factors set forth in *People Who Care*, 68 F.3d at 175, dictates that Berbas timely filed his motion to intervene.

### B. *Berbas' interest in the property*

Berbas clearly has some interest in the property, though the exact nature of his interest is unclear. Berbas has submitted in support of his motion a warranty deed dated September 22, 1986, indicating that he was at least a part owner of the property. (*See* Mot. to Intervene as of Right as a Party Defendant Pursuant to FRCP 24 Ex. A to Ex. B.) He also has submitted the settlement agreement between him and Kroll, which states that Kroll was not entitled to encumber the property. (*See id.* Ex. B to Ex. B.) Berbas claims that the documents given to Home Savings by Kroll indicating that Kroll was the sole owner of the property (*see id.* Ex. C to Ex. B) are fraudulent.

Home Savings questions the nature of Berbas' interest and disputes that his interest takes precedence over Home Savings' interest. This may be true, or not. However, this is neither the appropriate time nor procedure to adjudicate the merits of Berbas' claim. The court need only decide whether Berbas has an interest in the property that he should be entitled to protect. Berbas has presented evidence that he has such an interest.

### C. *Berbas' ability to protect his interest*

If Home Savings' foreclosure action is disposed of as Home Savings desires, Berbas' ability to protect his interest in the property clearly will be impaired or impeded, since Home Savings will foreclose on the mortgage and sell the property without regard to Berbas' claim that he is co-owner of the property and may have an interest that takes precedence over Home Savings' interest.

Home Savings argues that Berbas has remedies other than intervening in its lawsuit, because Berbas can sue Kroll or seek enforcement of the settlement agreement. However, the question is not whether Berbas has any other options to protect his interest, but whether not allowing him to intervene may impair or impede his ability to protect his interest. Home Savings' own argument shows that the latter is likely the case. If Berbas is not allowed to intervene in this lawsuit, his only other remedy is to sue Kroll for damages. Kroll has already demonstrated that she is financially unstable, in light of the fact that she has not paid her mortgage for a year. Moreover, none of the parties apparently has been able to locate Kroll, and she has not appeared in this case. Thus, Berbas' other remedy suggested by Home Savings probably would be unavailing.

Accordingly, if Berbas is not a part of this lawsuit, his ability to protect his interest may be impaired or impeded.

**336**

### D. *Representation by existing parties*

No existing party adequately represents Berbas' interest. Home Savings cannot represent Berbas' interest, since its interests are diametrically opposed to Berbas' interests. Kroll is the only party in the same shoes as Berbas with respect to the property, and therefore the only one who could fairly and adequately represent his interest. It should go without saying that Kroll cannot represent Berbas' interest, since it was she who allegedly defrauded Home Savings and Berbas. Moreover, she has not appeared in this action and is in danger of having a default judgment entered against her. Consequently, Kroll is in no position to represent Berbas' interest.

Berbas has established the elements necessary for intervention as of right under Federal Rule of Civil Procedure 24(a)(2). Accordingly, he is entitled to intervene as a defendant in this lawsuit.

### III. *CONCLUSION*

For the foregoing reasons, the court grants John Berbas' motion to intervene as of right as a party defendant pursuant to Federal Rule of Civil Procedure 24.