**Sam WADE and Juliet Wade, Plaintiffs-Appellees,**

v.

**Neil GOLDSCHMIDT, Secretary of the United States Department of Transportation, et al., Defendants.**

**Appeal of AMPS, INC., et al., Applicants for Intervention.**

**No. 81–2805.**

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 26, 1982.*

Decided Feb. 1, 1982.**

Opinion March 17, 1982.

---

* Applicants have submitted a motion to ˙this Court for an immediate submission of this case and expedited decision without oral argument. Appellees responded in opposition to applicants' motion, and have requested oral argument. Upon consideration of applicants' motion, appellees' response, the briefs, and the record, the request for oral argument is denied

and the appeal is submitted on the briefs and record.

** This appeal was originally decided by an unpublished order on February 1, 1982, pursuant to Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion.

David Lincoln Ader, Ader & Ader, Chicago, Ill., for plaintiffs.

Wayne W. Whalen, Mayer, Brown & Platt, Chicago, Ill., for plaintiffs-appellees.

Kenneth G. Anspach, Asst. Atty. Gen., Frederick H. Branding, Asst. U. S. Atty., Chicago, Ill., for defendants.

Before SPRECHER, CUDAHY,*** and ESCHBACH, Circuit Judges.

PER CURIAM.

I

The defendants in this suit are the United States Department of Transportation and the State of Illinois.[1] Plaintiffs allege that defendants' action, relating to the proposed construction of the 35 million dollar Central Illinois Expressway and a bridge across the Illinois River, exceeded their authority. Plaintiffs seek declaratory and injunctive relief. Plaintiffs' amended complaint: 1) challenges the use of federal funds for the construction of the proposed bridge, under the Highway Bridge Replacement and Rehabilitation Program, 23 C.F.R. § 650.405; 2) alleges that a proper Environmental Impact Statement was not prepared, thus vio-

*** Judge Richard D. Cudahy respectfully dissents.

1. The State of Illinois was permitted to intervene as a defendant seven days after plaintiffs filed their original complaint.

lating the National Environmental Policy Act [NEPA], 42 U.S.C. § 4331(b), the Federal-Aid Highway Act, 23 U.S.C. §§ 109, 138, 23 C.F.R. § 771.5, and the Federal Department of Transportation Act, 49 U.S.C. § 1653(f); 3) alleges that the bridge project violates the Federal Department of Transportation Act, 49 U.S.C. § 1651 et seq., and the Federal-Aid Highway Act, 23 U.S.C. § 138 as the proposed construction site involves an area of plaintiffs' farm eligible for inclusion in the National Register of Historic Places and involves a state conservation area, and there are prudent alternatives to the proposed construction site which would cause less environmental damage; and 4) alleges that the project would endanger migratory birds found on plaintiffs' farm and in the conservation area, in violation of a U. S.-Japan Treaty, 25 U.S.T. 3329.

The district court granted a temporary restraining order and later a preliminary injunction enjoining the defendants from awarding a contract for construction of the proposed bridge. The trial date has been set for February 22, 1982.

## II

■■■ In this appeal we review the district court's denial of the proposed intervenors'[2] motion to intervene as defendants. The district court's order denying intervention as of right and denying permissive intervention is appealable.[3] *E.E.O.C. v. United Airlines, Inc.*, 515 F.2d 946, 949 (7th Cir. 1975).

■■■ It is critical to the determination of the propriety of granting a motion to intervene for us to crystalize the relevant scope of the trial in which applicants seek to intervene. Our review of an intervention order does not involve an examination of

the theoretical interests of proposed intervenors that would justify the initiation or the defense of a lawsuit in appropriate circumstances. "In the context of intervention the question is not whether a lawsuit should be begun [or defended], but whether already initiated litigation should be extended to include additional parties." *Smuck v. Hobson*, 408 F.2d 175, 179 (D.C. Cir.1969).

The essence of plaintiffs' amended complaint is that the defendants violated applicable federal requirements which impose on federal agencies essentially procedural duties. Given the posture of this case "once an agency has made a decision subject to NEPA's procedural requirements [as well as those of the other federal statutes relied on by the plaintiffs], the only role for a court is to insure that the agency has considered the environmental consequences." *Strycker's Bay Neighborhood Council v. Karlen*, 444 U.S. 223, 227, 100 S.Ct. 497, 499, 62 L.Ed.2d 433 (1980). As the Supreme Court has emphasized "NEPA was designed 'to insure a fully informed and well considered decision,' but not necessarily 'a decision the judges of the Court of Appeals or of this Court would have reached had they been members of the decision making unit of the agency.' ... [The Court] cannot ' "interject itself within the area of discretion of the executive as to the choice of the action to be taken." ' " *Id.* at 227–28, 100 S.Ct. at 499–500 (citation omitted).

In the proceedings pending before the lower court, the record clearly indicates that the district court recognizes that its role in reviewing the Federal Department of Transportation decision is defined by the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A), which provides that agency action should be set aside if found

---

**2.** The proposed intervenors are: AMPS, Inc., an Illinois non-profit corporation formed specifically to support construction of the proposed Bridge and Expressway; Pike County located in the State of Illinois; the cities of Quincy, Jacksonville and Griggsville located in the State of Illinois; Flint Township located in Pike County, Illinois; four families who allege a benefit from the proposed project or fear damage if

an alternate route is chosen for the project; and a Missouri corporation doing business in Pike County, Illinois.

**3.** Defendants have no objection to applicants' intervention. This is not dispositive however, because consent of a party does not entitle one to intervention as a matter of right, or to permissive intervention.

to be "arbitrary, capricious, or abuse of discretion or otherwise not in accordance with law...." The district court recognizes that it may not decide where the funded highway and bridge will eventually be constructed. Rather, the issue is narrowly circumscribed, namely: did the agency abide by the statutory procedural requirements in reaching its decision? If procedural requirements were followed then the agency will be permitted to implement the project as proposed. If the statutory requirements were not followed then the agency, not the courts, will be required to make a determination as to the place of construction of the project, after fully abiding by the statutorily required procedural requirements.

### III

With the foregoing in mind we now proceed to examine whether applicants met the requirements for intervention of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.[4] Clause 2 of Rule 24(a) permits intervention of right: [1] upon timely application, [2] "when the applicant claims an interest relating to the property or transaction which is the subject of the action and [3] he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, [4] unless the applicant's interest is adequately represented by existing parties."

Initially we will focus on the nature of the interests asserted by proposed intervenors because their consideration is relevant to much of Rule 24(a)(2) analysis. Proposed intervenors allege: economic interests in the reduction of cost to local farmers and businesses which would result if the project were to be constructed on the location originally proposed; personal and environmental interests because, it is argued, that "[re-routing] of the bridge would triangularly

bisect farms making them substantially more difficult to cultivate and wasting valuable farm land, disrupt already established drainage districts, and destroy environmentally significant land belonging to applicants"; safety interests because the existing bridge is extremely dangerous (Applicants' *Reply Brief* at 4–5).

■ Rule 24(a)(2) requires a direct, significant legally protectable interest in the property or transaction subject to the action. *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971); *Airlines Stewards, etc. v. American Airlines, Inc.*, 455 F.2d 101, 105 (7th Cir. 1972), *later app.*, 490 F.2d 636 (7th Cir. 1973), *cert. denied, Airlines Stewards, etc. v. Zipes*, 416 U.S. 993, 94 S.Ct. 2406, 40 L.Ed.2d 773 (1974). None of the actions taken, nor the statutory authority called into question in this case, involves the proposed intervenors who seek to intervene as defendants. The only interest involved is of the named defendants, governmental bodies. As we emphasized in Part II the only focus that the ongoing litigation in the district court can have is whether the governmental bodies charged with compliance, defendants, have satisfied the federal statutory procedural requirements in making the administrative decisions regarding the construction which would directly affect plaintiffs' property. In a suit such as this, brought to require compliance with federal statutes regulating governmental projects, the governmental bodies charged with compliance can be the only defendants. As to the determination involved in this suit, all other entities have no right to intervene as defendants. Thus we hold that the proposed intervenors' interests do not relate "to the property or transaction which is the subject of the action" and they have therefore failed to assert an interest in the lawsuit sufficient to warrant intervention as of right.[5]  *See, Dodson v. Salvitti*, 77 F.R.D.

---

4. All four requirements of Rule 24(a)(2) must be met before intervention of right will be allowed. *NAACP v. New York*, 413 U.S. 345, 369, 93 S.Ct. 2591, 2604, 37 L.Ed.2d 648 (1973).

5. "[A]n interest, to satisfy the requirements of Rule 24(a)(2) must be significant, must be direct rather than contingent, and must be based on a right which belongs to the proposed intervenor rather than to an existing party to the suit." *In Re Penn Cent. Commercial Paper*

674, 675 (E.D.Pa.1977); *Piedmont Heights Civic Club, Inc. v. Moreland*, 83 F.R.D. 153, 156 (N.D.Ga.1979).

Because applicants fail to assert an interest relating to the property or transaction which is the subject of the action in the district court, it follows that applicants also have no direct legally protectable interest that could be impaired or impeded. As we have pointed out the decision on where this project will ultimately be built is for the executive department. The role of the courts is merely to determine if the statutory mandates of Congress were complied with. The ability of applicants to assert the economic, safety, and environmental interests they allege is not impeded nor impaired by refusal to grant them intervention. Applicants can present these interests to the governmental bodies, if these bodies are called upon again to determine a site for the proposed project. The defendants, governmental bodies, not the courts, are required by statute to evaluate and make decisions as to the priority of the various considerations. *Strycker's Bay Neighbor-*

*hood Council v. Karlen*, 444 U.S. at 228 n.2, 100 S.Ct. at 500 n.2. And if a time comes when applicants determine that their alleged interests were not given the required statutory consideration, they can then bring suit, as plaintiffs, to compel defendants to follow the statutorily mandated procedures.[6]

Since the adequacy of representation relates directly to the rights asserted by the plaintiffs and the rights and authority claimed by the defendants, our analysis of the issue and interests involved in this suit makes it obvious that applicants have no right to assert that their interests[7] are inadequately represented by the defendants.[8]

We hold that applicants have failed to satisfy the requirements for intervention of right.

## IV

■ We now turn to applicants' alternative request for permissive intervention under Rule 24(b)(2).[9] We have emphasized that the issue to be decided by the court below is whether or not the governmental

---

*Litigation*, 62 F.R.D. 341, 346 (S.D.N.Y.1974), *aff'd* without opinion, *Shulman v. Goldman, Sachs & Co.*, 515 F.2d 505 (2d Cir. 1975).

6. *New York Public Interest Research Group, Inc. v. Regents of University of State of New York*, 516 F.2d 350 (2d Cir. 1975), relied on by applicants is distinguishable. Unlike this case, the case relied on involved a suit whose result might have invalidated a regulation directly governing the proposed intervenors, thus giving them a sufficiently direct and substantial interest in the suit. By contrast, the holding in the instant case will not affect a statute or regulation governing the applicants' actions, nor will it directly alter contractual or other legally protectable rights of the proposed intervenors. *See Piedmont Heights Civic Club, Inc. v. Moreland*, 83 F.R.D. at 156–7.

7. Even if we were to assume arguendo that applicants have a direct legally protectable interest, applicants have not overcome the presumption of adequacy of representation that arises when the proposed intervenor and a party to the suit (especially if it is the state) have the same ultimate objective. *Environmental Defense Fund v. Higginson*, 631 F.2d 738, 760 (D.C.Cir.1979); *United States Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). Additionally it is clear that adequacy of representation is established when no collusion is

shown between the representative and an opposing party, when the representative does not have or represent an interest adverse to the proposed intervenor, and when the representative has not failed in the fulfillment of his duty. *United States v. Board of School Comrs.*, 466 F.2d 573, 575 (7th Cir. 1972), *cert. denied, Citizens of Indianapolis for Quality Schools, Inc. v. United States*, 410 U.S. 909, 93 S.Ct. 964, 35 L.Ed.2d 271 (1973).

8. Although it is unnecessary for the disposition of this appeal to consider the timeliness of applicants' motion, we note that there was an inordinate amount of time, between the applicants' knowledge of the interest that they now assert and their motion to intervene. Such delay seriously prejudices the existing parties. *E.E.O.C. v. United Airlines, Inc.*, 515 F.2d at 949.

9. Rule 24(b) provides in pertinent part:
    Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

defendants have complied with certain federal laws. Also, as we emphasized, the court below is not in a position to act on the questions raised by applicants involving basic value judgments as to the ultimate location of the proposed construction and the priority of the various interests that the governmental bodies are statutorily mandated to take into consideration. *Strycker's Bay Neighborhood Council v. Karlen*, 444 U.S. at 227–28, 100 S.Ct. at 499–500. Thus, as it should be clear from our discussion of intervention of right it cannot be said that any of the applicants' claims or defenses and the present action have a question of law or fact in common as to satisfy [10] the requirement for permissive intervention pursuant to Rule 24(b)(2).[11] We hold that the trial court did not abuse its discretion in denying appellants' motion for permissive intervention.

### V

For the foregoing reasons the order of the district court denying appellants' motion for intervention of right and permissive intervention is AFFIRMED.[12]

---

10. Applicants argue that permitting their intervention would do no harm since appellees are protected by a preliminary injunction. That argument ignores the requirements established by Congress for the management of lawsuits in the federal courts. As most eloquently stated: "The trend is toward justification of intervention upon incantation of the phrase 'it won't do any harm.' I respectfully submit that painting with such broad amorphous strokes absent an analysis of the hues and textures employed can only lead to a collage-cluttered canvas sans symmetry or perspective.... [W]e should be ... wary, lest the manageable law-suit become an unmanageable cowlick." *Wilderness Soc'y v. Morton*, 463 F.2d 1261, 1263 (D.C.Cir.1972) (Tamm, J. concurring).

11. Furthermore there are serious concerns for delay and prejudice because all the relevant issues sought to be raised by applicants are already raised by the defendants, and applicants seek to raise other issues which are irrelevant to the legal issue confronting the district court.

12. Normally our disposition of the case would make it unnecessary to address applicants' request for the reassignment of the case to a different judge pursuant to Circuit Rule 18. However, we believe that it is important for us to make clear that we find the trial court's handling of this complex case, including the motion of intervention, judicious and most commendable.