968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Muriel E. KRASZEWSKI, et al., on behalf of themselves and
all other persons similarly situated, Plaintiffs,
and
Marie L. Nichols-Perry, Intervenor-Appellant,
v.
STATE FARM GENERAL INSURANCE COMPANY; State Farm Mutual
Automobile Insurance Company, et al., Defendants-Appellees.
 No. 91-15765.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1992.
Decided July 1, 1992.
 
 Before ALARCON, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Marie Nichols-Perry appeals the denial of her motion for permission to intervene in the remedy phase of a class action against State Farm Insurance Company. Both the Chief Special Master and the district court denied her motion. Because we hold that the district court did not abuse its discretion, we dismiss the appeal for lack of jurisdiction. See In re Benny, 791 F.2d 712, 720 (9th Cir.1986).
 
 
 3
 * The jurisdictional analysis depends on the type of intervention invoked in the district court. In re Benny, 791 F.2d at 720-22. In her reply brief, Appellant argues that she moved for intervention as of right, and not permissive intervention. After reviewing the record and the briefs, however, we do not find Appellant's argument persuasive. First, the caption in her original motion read: "Motion for Permission to Intervene." Second, the district court's primary focus on prejudice to the original parties reveals that it interpreted the motion as one for permissive intervention. Third, if Appellant truly intended to move for intervention as of right, she would have informed either the panel that issued the show cause order or this panel of the apparent misinterpretation, since the show cause order labels the motion as permissive.
 
 
 4
 Although Appellant did raise the issue in her reply brief, we believe her argument comes too late. See State of Nevada v. Watkins, 914 F.2d 1545, 1560 (9th Cir.1990), cert. denied, 111 S.Ct. 1105 (1991). As stated above, Appellant could have raised this argument immediately after the order to show cause. See id.; LaFlamme v. F.E.R.C., 945 F.2d 1124, 1129 (9th Cir.1991). We therefore construe her motion as one for permissive intervention.
 
 II
 
 5
 The district court's denial of Appellant's motion for permission to intervene is appealable to this court only if the district court abused its discretion. In re Benny, 791 F.2d at 720. Appellant argues that the district court abused its discretion because she was not to blame for her failure to file a timely final claim form.[1] She alleges that she relied on class counsel's assurance that they would notify her if she needed to do anything further, and that had she been notified that class counsel would not represent her, she would have filed a final claim form herself. To support this claim, Appellant relies on Fed.R.Civ.P. 60(b).[2]
 
 
 6
 Permissive intervention under Rule 24(b) has three requirements: (1) the motion must be timely; (2) the "applicant's claim or defense and the main action [must] have a question of law or fact in common," and (3) intervention must not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b); see also 3B James Wm. Moore, Moore's Federal Practice, pp 24.10, 24.13 (2d ed. 1992). Given the nature of this case, we hold that the district court did not abuse its discretion.
 
 
 7
 Our analysis hinges on the first and third elements--timeliness and prejudice. Because timeliness is often considered in conjunction with prejudice, 3B Moore's Federal Practice at p 24.13, we consider them together. The underlying class action had over 800 class members and began in 1979. It took until 1985 to complete the liability phase, and one and one-half years of extended discovery and negotiation to hammer out a mutually satisfactory Consent Decree governing the precise procedures to be used in the remedy phase. The deadlines established in the Consent Decree are crucial in order to give full effect to the twin purposes of the Decree: finality and avoidance of protracted delay.
 
 
 8
 Appellant filed her motion for permissive intervention on July 18, 1990, eight and one-half months after the final deadline. In her final claim form, Appellant claimed two deterred applications, one on November 30, 1974, and one without a specific date.[3] At the time the district court heard Appellant's motion, the discovery and hearings for 1974 had been completed. It would be unfair and prejudicial to require State Farm to reopen these proceedings.[4] Even if Appellant's second alleged deterred application arose after 1974, it would still be inconvenient and prejudicial to allow her to proceed with that claim. The underlying class action was extremely complex, and the parties have a great interest in assuring the finality envisioned in the Consent Decree.
 
 
 9
 The district court has consistently ruled against modifying the deadlines set out in the Consent Decree, and like Appellant, many of the claimants who were not permitted to proceed in the remedy phase had sympathetic circumstances. Although Appellant argues that she is "unique" and that her case would not set a precedent, it is difficult to imagine that she is the only Initial Claimant who did not receive proper notice of the final deadline.[5] Finally, we note that Appellant could have instituted a state court action against class counsel for negligence. Appellant's argument that this is not an effective remedy because the statute of limitations may have run is not persuasive. Appellant took a calculated risk and chose intervention as her only course of action. For this, she cannot blame State Farm.
 
 
 10
 The appeal is DISMISSED for want of jurisdiction.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's reliance on the fact that class counsel consented to intervention is misplaced because one party's consent does not entitle another party to intervene. Wade v. Goldschmidt, 673 F.2d 182, 184 n. 3 (7th Cir.1982)
 
 
 [2]
 State Farm argues that Appellant cannot raise Rule 60(b) as a basis for this appeal because Rule 60(b) is not "a substitute for appeal." The rule to which State Farm refers is not applicable to this case since Appellant clearly appeals the denial of her intervention motion. See Plotkin v. Pacific Tel. and Tel. Co., 688 F.2d 1291, 1293 (9th Cir.1982)
 
 
 [3]
 In her brief, Appellant alleged that she had several deterred applications, occurring from 1975-1988. Even if we were to accept this allegation and interpret her final claim form as claiming more than two deterred applications, our holding would not change
 
 
 [4]
 Appellant argues that she would not need discovery, and that her hearings would take "but a few hours at most." She fails to take into account, however, the extended discovery that State Farm must undertake in order to defend itself against her claims. She also severely underestimates the amount of time the hearings would take, especially if she has more than one deterred application
 
 
 [5]
 In fact, she is not the only Initial Claimant claiming to be injured by the actions of class counsel. Like Appellant, Ms. Jeanne DeLorenzi also claims that she missed the final deadline because class counsel failed to notify her. Instead of filing a motion to intervene, however, Ms. DeLorenzi filed a state court negligence action