980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
OREGON NATURAL RESOURCES COUNCIL, INC., an Oregon non-profit
corporation; Wendell Wood; Mark Gaffney,
Plaintiffs-Appellees,
v.
BUREAU OF RECLAMATION, et al., Defendant,
Klamath Basin Water Users Protective Association, Applicant
in Intervention-Appellant.
 No. 92-35042.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1992.
Decided Nov. 25, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Klamath Basin Water Users Protective Association appeals the district court's denial of its motion to intervene as a defendant in a suit brought by the Oregon Natural Resources Council against the Bureau of Reclamation alleging violations of the Endangered Species Act. 16 U.S.C. §§ 1531 et seq. Intervention was sought as a matter of right under Fed.R.Civ.P. 24(a) and, alternatively, by permission under Fed.R.Civ.P. 24(b). We reverse the district court's denial of intervention as a matter of right.
 
 
 3
 * Klamath Basin Water Users Protective Association ("the Association") is a not-for-profit corporation dedicated to the preservation, protection, and defense of the water and power rights of landowners in the Klamath River Basin. With the exception of the Tulelake Irrigation District, all the major irrigation, drainage, and improvement districts that distribute water from the Klamath Project, a federal reclamation project in Southern Oregon and Northern California, are members of the Association. The districts in the Association have long-term contracts with the Bureau of Reclamation under which they receive water from the Klamath Project and operate various project facilities. The Association argues that the interests of its members under these contracts are threatened by the underlying suit.
 
 II
 
 4
 A district court's decision concerning intervention as of right is reviewed de novo. Yniguez v. Arizona, 939 F.2d 727, 730 (9th Cir.1991).
 
 
 5
 The burden is on the applicant to establish that the conditions for intervention are satisfied. Petrol Stops Northwest v. Continental Oil Co., 647 F.2d 1005, 1010 n. 5 (9th Cir.), cert. denied, 454 U.S. 1098 (1981). However, Rule 24 is broadly construed in favor of applicants for intervention. United States v. Oregon, 913 F.2d 576, 587 (9th Cir.1990) cert. denied, 111 S.Ct. 2889 (1991). And there is a strong policy that intervention should be granted to "as many apparently concerned persons as is compatible with efficiency and due process." Portland Audubon Soc'y v. Hodel, 866 F.2d 302, 308 (9th Cir.1989) (quoting County of Fresno v. Andrus, 622 F.2d 436, 438 (9th Cir.1980)).
 
 
 6
 We have adopted a four-part test for deciding whether an applicant has a right to intervene under Federal Rule of Civil Procedure 24(a)(2). Id. at 308. The right to intervene exists only if:
 
 
 7
 1) the applicant's motion is timely;
 
 
 8
 2) the applicant has asserted an interest relating to the property or transaction which is the subject of the action;
 
 
 9
 3) the applicant is so situated that without intervention the disposition may as a practical matter, impair or impede its ability to protect that interest; and,
 
 
 10
 4) the applicant's interest is not adequately represented by the existing parties.
 
 
 11
 Id.
 
 
 12
 It is the second element of this test which was questioned in this case.
 
 
 13
 To satisfy the second element of the test, an applicant for intervention need not show that it has "a legal or equitable interest in jeopardy." However, the applicant must show that it has a " 'protectable interest' in the outcome of the litigation of sufficient magnitude to warrant inclusion in the action." Smith v. Pangilinan, 651 F.2d 1320, 1324 (9th Cir.1981).
 
 
 14
 In Portland Audubon, we followed the Seventh Circuit case of Wade v. Goldschmidt, 673 F.2d 182 (7th Cir.1982) in holding that intervenors asserting a purely economic interest lacked an adequate interest relating to NEPA claims since the NEPA provides no protection for such purely economic interests. However, these cases are distinguishable.
 
 
 15
 We noted in Portland Audubon that Wade was not inconsistent with prior Ninth Circuit precedent because the Wade court limited its holding to cases where the resolution of the underlying case would "not affect a statute or regulation governing the applicants' actions" nor "directly alter contractual or other legally protectable rights of the proposed intervenors." Portland Audobon at 309 (quoting Wade, 673 F.2d at 189 n. 6).
 
 
 16
 In this case, if the ONRC is granted the relief it seeks, the resulting restrictions in water supply will "directly alter" the contractual rights of the Association's member districts. The Association has properly asserted that the threatened restriction in water supply will severely impact the contracts between its members and the Bureau.
 
 
 17
 Therefore, the second element of the test for intervention as a matter of right has been met as have the other elements of the test. The Association's motion to intervene as a matter of right should have been granted.
 
 III
 
 18
 Since we have found intervention as a matter of right, we need not reach the issue of whether the district court's denial of permissive intervention was an abuse of discretion.
 
 IV
 
 19
 The attorney fees requested by ONRC under 16 U.S.C. § 1540(g)(4) are denied.
 
 
 20
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3