**NBD BANK, N.A., Plaintiff–Petitioner,**

v.

**Donna D. BENNETT, in her official capacity as Acting Indiana Commissioner of Insurance, Defendant–Respondent.**

**No. IP94–862–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Dec. 27, 1994.

Peter J. Rusthoven, Barnes & Thornburg, Indianapolis, IN, for NBD Bank, N.A.

Thomas H. Ristine, Ice Miller Donadio & Ryan, Indianapolis, IN, for amici curiae.

Terry G. Duga, Deputy Atty. Gen., Indianapolis, IN, for Donna D. Bennett.

David A. Winston, National Assoc. of Life Underwriters, Washington, DC, for Indiana Ass'n of Life.

Jeffrey M. Yates, Independent Ins. Agents of America Inc., Alexandria, VA, for Independent Ins. Agents.

**_ORDER ON MOTION FOR INTERVENTION OR, IN THE ALTERNATIVE, TO APPEAR AS AMICI_**

SHIELDS, United States Magistrate Judge.

This cause is before the court on a Motion for Intervention or, in the Alternative, to

Appear as Amici, filed by Indiana State Association of Life Underwriters and Independent Insurance Agents of Indiana (collectively "petitioners"). This matter is fully briefed, and the court, being duly advised, **DENIES** petitioners' motion for intervention and **GRANTS** petitioners' motion to appear as amici.

## FACTUAL BACKGROUND

In this case, NBD Bank, N.A. ("NBD"), seeks declaratory and injunctive relief regarding the application of the National Bank Act, 12 U.S.C. § 92 ("Section 92"), to its application to act as an insurance agent in Indiana. The Indiana Commissioner of Insurance granted NBD an insurance agent license but, citing her interpretation of Section 92, placed a geographic restriction on it, permitting NBD to sell insurance only "within the geographic boundaries of a town with a population of 5,000 or less in which it is located and doing business." NBD asks this court to declare that Section 92 does not impose such a geographic restriction and enjoin the Commissioner from restricting NBD's license.

Petitioners are professional associations comprised of insurance agents throughout Indiana. They seek to intervene in this action because they believe that the Commissioner's interpretation of Section 92 is correct and that the interpretation urged by NBD would "subject Petitioners' members to loss of profit in their trade, and [would] dilute, divert, and withdraw a substantial portion of the market for their services, all to the substantial and irreparable injury of Petitioners' members." Petitioners' Memorandum at 4.

The Commissioner does not object to Petitioners' intervention or appearance as amici; NBD does not object to Petitioners' appearance as amici, but does object to their intervention.

## DISCUSSION

### 1. Intervention as of Right

■ Petitioners argue that they are entitled to intervene in this action as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). Rule 24(a)(2) provides the following four-part test for intervention as a matter of right:

> (1) the motion must be timely; (2) the proposed intervenor must claim an interest relating to the property or transaction at issue; (3) the disposition of the action, as a practical matter, may impair or impede the ability to protect that interest; and (4) that interest is not adequately represented by existing parties.

*American Nat'l Bank & Trust Co. of Chicago v. City of Chicago,* 865 F.2d 144, 145 (7th Cir.1989). Petitioners have the burden of proving that it satisfies each part of the test; failure to satisfy even one requires denial of the motion to intervene. *See id.*

There is no dispute that petitioners' motion to intervene is timely. However, NBD claims that petitioners do not satisfy the second prong of the test. This court agrees.

"[T]he interest necessary to satisfy Rule 24(a)(2) must be 'a direct, significant legally protectable interest.'" *Id.* (citations omitted). The interest asserted by petitioners is a purely economic one; they allege that their members will suffer "loss of profit in their trade" if banks such as NBD are permitted to sell insurance beyond the geographical limits of small towns, thus putting them in competition with petitioners' members.

■ In the absence of clear Seventh Circuit authority, this court finds persuasive those cases which have held that "[a]n economic interest that might be adversely affected by the outcome of the case alone is insufficient to warrant intervention under Rule 24(a)(2)." *Getty Oil Co. v. Department of Energy,* 865 F.2d 270, 276 (Tem. Em.Ct.App.1988) (citations and internal quotation marks omitted).

> "By requiring that the applicant's interest be ... 'legally protectable,' it is plain that something more than an economic interest is necessary. What is required is that the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant."

*United States v. South Fla. Water Mgt. Dist.,* 922 F.2d 704, 710 (11th Cir.1991) (emphasis in original) (quoting *New Orleans*

*Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 464 (5th Cir.) (en banc), *cert. denied,* 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984)).[1] While this court is mindful that its decision in the underlying lawsuit may have a significant effect on petitioners' members' livelihoods, they are not entitled to intervention as of right based on this economic interest.

This rule is consistent with the Seventh Circuit's decision in *Wade v. Goldschmidt,* 673 F.2d 182 (7th Cir.1982). In *Wade,* property owners filed suit against the Department of Transportation and the State of Illinois alleging that they failed to follow the applicable federally mandated procedures when they decided to construct a bridge and expressway across the plaintiffs' property. Several groups and individuals sought to intervene in the action, including a non-profit corporation formed specifically to support the building of the bridge and expressway, and various cities which would have benefitted from the proposed construction. The proposed intervenors alleged three interests in the suit: "economic interests in the reduction of cost to local farmers and businesses which would result if the project were to be constructed on the location originally proposed"; personal and environmental interests, relating to the effect on farm land and drainage districts if the project was rerouted; and safety interests, because the existing bridge was "extremely dangerous." *Wade,* 673 F.2d at 185. Despite these interests, the court denied the motion to intervene, holding that:

> the only focus that the ongoing litigation ... can have is whether the governmental bodies charged with compliance, defendants, have satisfied the federal statutory procedural requirements in making the administrative decisions regarding the construction which would directly affect plaintiffs' property. In a suit such as this, brought to require compliance with federal statutes regulating governmental projects, the governmental bodies charged with compliance can be the only defendants.

> As to the determination involved in this suit, all other entities have no right to intervene as defendants.

*Id.*

The instant case involves a closely analogous situation, that is, NBD is challenging whether a governmental entity, the Commissioner, properly followed federal law when she made an administrative decision regarding NBD's insurance agent's license. The Commissioner is the only proper defendant, and petitioners have no right to intervene.

■ Because they fail to satisfy the second prong of the test under Rule 24(a)(2), petitioners necessarily fail to meet the third prong. *See id.* ("Because applicants fail to assert an interest relating to the property or transaction which is the subject of the [underlying] action, ... it follows that applicants also have no direct legally protectable interest that could be impaired or impeded."). In addition, even if petitioners had satisfied the second and third prongs, they have not satisfied the final requirement, that is, they have not shown that the Commissioner does not adequately represent their interests. "Adequacy of representation can be presumed when the party on whose behalf the applicant seeks intervention is a governmental body or officer charged by law with representing the interests of the proposed intervenor." *American Nat'l Bank & Trust Co. of Chicago,* 865 F.2d at 148 (citations and internal quotation marks omitted). Adequacy is also presumed when the proposed intervenors and a party to the suit have the same ultimate objective. *Id.* at 148 n. 3 (citing *Wade,* 673 F.2d at 186 n. 7).

> Additionally, it is clear that adequacy of representation is established when no collusion is shown between the representative and the opposing party, when the representative does not have or represent an interest adverse to the proposed intervenor, and when the representative has not failed in the fulfillment of [her] duty.

1. Petitioners argue that there is "controlling caselaw" contrary to this view, and cite *New York Pub. Interest Research Group, Inc. v. Regents of the Univ. of State of N.Y.,* 516 F.2d 350 (2d Cir.1975) ("*Regents*") and *Conservation Law*

*Found. of New England, Inc. v. Mosbacher,* 966 F.2d 39 (1st Cir.1992). Petitioners' Reply at 4. However, these cases are not controlling precedent; they are merely persuasive precedent, as are the contrary cases cited above.

*Wade,* 673 F.2d at 186 n. 7. Both petitioners and the Commissioner have the ultimate goal of upholding the Commissioner's interpretation of Section 92, and petitioners argue only that, because the Commissioner does not share their financial interests, she "may well *not emphasize the same issues as those of greatest concern to Petitioners.*" Petitioners' Memorandum at 6. This bare conjecture is not sufficient to overcome the presumption that any interest petitioners may have will be adequately represented by the Commissioner. Petitioners are therefore not entitled to intervention as of right.

### 2. Permissive Intervention

 Petitioners also assert they are entitled to permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). As petitioners themselves concede, they "do not seek to raise additional claims, but merely to defend the claims raised by [NBD]." Petitioners' Memorandum at 7. "When a nonparty presents no new questions, it 'can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention.'" *Getty Oil Co.,* 865 F.2d at 277 (quoting *State of Texas v. Department of Energy,* 754 F.2d 550, 553 (5th Cir.1985)). In light of the Seventh Circuit's adoption of Judge Tamm's "eloquent" admonition that "'[t]he trend is toward justification of intervention upon incantation of the phrase "it won't do any harm." I respectfully submit that painting with such broad amorphous strokes absent an analysis of the hues and textures employed can only lead to a collage-cluttered canvas sans symmetry or perspective.... We should be ... wary, lest the manageable lawsuit become an unmanageable cowlick,'" *Wade,* 673 F.2d at 187 n. 10 (quoting *Wilderness Soc'y v. Morton,* 150 U.S.App.D.C. 170, 463 F.2d 1261, 1263 (1972) (Tamm, J., concurring)), this court declines to permit petitioners to intervene.

### *CONCLUSION*

For the reasons set forth above, petitioners' motion for intervention is **DENIED.** Petitioners alternative request to appear as amici curiae, which is not opposed by either party, is **GRANTED.**