SAC AND FOX NATION OF MISSOURI, Iowa Tribe of Kansas and Nebraska, Prairie Band of Potawatomi Indians, and Bill Graves, Governor of the State of Kansas, Plaintiffs,

v.

Bruce BABBITT, Secretary of the Interior of the United States, Defendant.

Kickapoo Tribe of Kansas, Plaintiff,

v.

Bruce Babbitt, Secretary of the Interior of the United States, et al., Defendants.

Nos. 96–4129–RDR, 964130–RDR.

United States District Court, D. Kansas.

March 2, 2000.

Mark S. Gunnison, Stephen D. McGiffert, Payne & Jones, Chtd., Overland Park, KS, Mason D. Morisset, Morisset, Schlosser, Ayer & Jozwiak, Seattle, WA, John R. Shordike, Berkeley, CA, Paul Alexander, Alexander & Karshmer, Washington, DC, Judith A. Shapiro, Hobbs, Straus, Dean & Walker, Washington, DC, M. Frances Ayer, Federal Bar Ass'n, for Sac and Fox Nation of Missouri, Iowa Tribe of Kansas & Nebraska and Prairie Band of Potawatomi Indians, plaintiffs.

M.J. Willoughby, John W. Campbell, Office of Attorney General, Topeka, KS, Mason D. Morisset, Morisset, Schlosser, Ayer & Jozwiak, Seattle, WA, Carla J. Stovall, Kansas Attorney General, Topeka, KS, John R Shordike, Berkeley, CA, Paul Alexander, Alexander & Karshmer, for Bill Graves, Governor of State of Kansas, plaintiff.

Jackie A. Rapstine, Office of United States Attorney, Topeka, KS, Edward Passarelli, U.S. Dept. of Justice, General Litigation Section, Environment and Natural Resources Div., Washington, DC, Steven E Carroll, U.S. Dept. of Justice, Indian Resources Section, Environment & Natural Resources Div., Washington, DC, for Bruce Babbitt, Secretary of Interior, defendant.

David McCullough, Oklahoma City, OK, Richard W. Morefield, Jr., Thomas G. Munsell, Bottaro, McCormick & Morefield, L.C., Kansas City, MO, for Wyandotte Tribe of Oklahoma, defendant.

### *MEMORANDUM AND ORDER*

ROGERS, District Judge.

These long-pending cases concern the decision of the Secretary of the Interior to take .52 acres of land (the "Shriner Tract") into trust on behalf of the Wyandotte Indian Tribe of Oklahoma, purportedly under the mandate of Public Law 98–602, and whether that land is contiguous to "reservation" land for the purposes of the Indian Gaming Regulation Act, 25 U.S.C. § 2701 *et seq.* The alleged "reservation" land is the Huron Cemetery in Kansas City, Kansas.

*The complaints*

Case No. 96–4129 was filed by the Sac and Fox Nation of Missouri, the Iowa Tribe of Kansas and Nebraska, the Prairie Band of Potawatomi Indians, and the Governor of the State of Kansas against the Secretary of the Interior of the United States. The Wyandotte Indian Tribe of Oklahoma sought and was granted leave to intervene as a defendant in Case No. 96–4129.

Case No. 96–4130 was filed by the Kickapoo Tribe in Kansas and other plaintiffs, who have since been dismissed, against the Secretary of the Interior, various federal officials, the United States and the Wyandotte Indian Tribe of Oklahoma. The Wyandotte Tribe has since been dismissed from Case No. 96–4130 with the consent of plaintiffs on sovereign immunity grounds.

Plaintiffs in these cases have filed joint briefs asking this court to reverse the decision of the Secretary of the Interior to take the Shriner Tract into trust for the Wyandotte Tribe. Plaintiffs also seek a declaratory judgment that the Huron Cemetery is not a "reservation" of the Wyandotte Tribe. The court shall consider any other claims raised in the complaints as waived.

The underlying concern of the plaintiffs in these cases is that the Wyandotte Tribe will use the Shriner Tract as a location for gambling. Defendants have raised jurisdictional, procedural and substantive defenses to plaintiffs' claims in their responsive briefs.

*Indispensable Party/Sovereign Immunity*

The United States and the Wyandotte Tribe have asserted without contradiction that the Wyandotte Tribe is a necessary party to this litigation under FED. R.CIV.P. 19(a). The Wyandotte Tribe clearly has interests in the subjects of these actions which could be impaired if it is not made a party. It is also undisputed that the Wyandotte Tribe is a sovereign entity capable of asserting sovereign immunity. Indeed, the Wyandotte Tribe has been dismissed by agreement for this reason in Case No. 96–4130. As discussed below, the Wyandotte Tribe is an indispensable party under FED.R.CIV.P. 19(b). Therefore, the court shall direct that Case No. 96–4130 be dismissed.

In Case No. 96–4129, it is argued that the Wyandotte Tribe has waived its sovereign immunity claim by voluntarily intervening in the case. Upon a review of the

events in this case and the law regarding waiver, the court disagrees.

The complaint in Case No. 96–4129 sought an injunction and other relief against taking the Shriner Tract into trust for the Wyandotte Tribe. This was the predominant focus of the complaint. Plaintiffs also sought a declaratory judgment that the Huron Cemetery was not an Indian reservation and that the Shriner Tract would not be eligible for Indian gaming if purchased by an Indian tribe.

The case was filed on July 12, 1996 and a temporary restraining order against taking the Shriner Tract into trust for the Wyandotte Tribe was immediately requested. The emergency relief was granted and an urgent motion by the Wyandotte Tribe for leave to intervene as a defendant was filed. Although at that time the motion to intervene had not been formally granted, the Wyandotte Tribe was permitted to appeal the temporary restraining order and argue the matter before the Tenth Circuit. The Circuit, after an emergency hearing, dissolved the restraining order at least in part to protect the right of the Tribe to have the property taken in trust against the imminent expiration of the Secretary's prerogative to so acquire the land. The Circuit's order was "subject to the conditions which constitute the law of this case, that the respective rights of the parties to obtain judicial review of all issues which have been raised in the complaint below shall be preserved, including standing of all parties, jurisdiction, compliance by the Secretary with all requirements of law, and the ultimate question of whether gaming shall be permitted on the subject land."[1] Up to this point, sovereign immunity was neither explicitly reserved nor waived by the Wyandotte Tribe.

In a motion for extension of time to answer filed on June 30, 1996, the Wyandotte Tribe indicated implicitly (not expressly) that it would not assert sovereign immunity in Case No. 96–4129 because monetary damages were not requested in that case, but that it would assert sovereign immunity in Case No. 96–4130 because there monetary damages were alleged. Intervention was formally allowed in an order dated September 3, 1996. No mention was made of waiving or asserting sovereign immunity.

The position of the Wyandotte Tribe seemed unchanged in a motion to dismiss filed September 19, 1996, although the Tribe also argued the sovereign immunity status of the United States as grounds to dismiss the case. The motion was later withdrawn.

On March 5, 1997, when the Wyandotte Tribe filed its answer in Case No. 96–4129, it expressly stated that it had not waived sovereign immunity and that the court therefore lacked jurisdiction.

Later, on October 1, 1997, in opposing plaintiffs' motion for a preliminary injunction, the Wyandotte Tribe specifically asserted that it had not consented to jurisdiction regarding the status of the Huron Cemetery. The Tribe stated: "Plaintiffs do not allege and cannot prove that the Wyandotte consented to jurisdiction of this court for the purpose of litigating claims about 'the status of the Huron Cemetery' or the Wyandotte's right to develop or otherwise use the Huron Cemetery. Absent such consent, this Court does not have jurisdiction to grant the injunction requested."

■ *Express* waivers of Eleventh Amendment immunity have been required by various courts, including the Tenth Circuit. See *Jicarilla Apache Tribe v. Kelly*, 129 F.3d 535, 538 (10th Cir.1997) (mere appearance in a lawsuit is not sufficient to

---

1. On the basis of this language, we reject the defendants' argument that this court does not have jurisdiction to consider the challenge to taking the Shriner Tract into trust. This jurisdictional challenge is based on the Quiet Title Act, 28 U.S.C. § 2409a. We believe that the "law of the case," as established by the Tenth Circuit in the order dissolving the injunction, preserved the right of plaintiffs to challenge taking the Shriner Tract into trust, even if by dissolving the injunction, the Circuit permitted that action to be completed.

waive); *Mascheroni v. Board of Regents,* 28 F.3d 1554, 1560 (10th Cir.1994) (same); *Richardson v. New York State Department of Correctional Service,* 180 F.3d 426, 449 (2nd Cir.1999) (failing to raise immunity defense until summary judgment motion is not fatal). We believe the rule would be the same in the case of a tribe's waiver of sovereign immunity. See *Oklahoma Tax Commission v. Citizen Band Potawatomi Indian Tribe,* 498 U.S. 505, 509, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991) ("Suits against Indian tribes are ... barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation."); *Ute Distribution Corp. v. Ute Indian Tribe,* 149 F.3d 1260, 1263–68 (10th Cir.1998) (requirement that waiver be clear and unequivocal cannot be flexibly applied based on the parties or the specific facts involved); *Pit River Home and Agricultural Co-op. Association v. U.S.,* 30 F.3d 1088, 1100 (9th Cir.1994) (any waiver must be unequivocally expressed).

■ Under the circumstances of this case, we do not believe that, even though the Wyandotte Tribe voluntarily intervened as a defendant, there has been a clear or unequivocal waiver of sovereign immunity as to either taking the Shriner Tract into trust or declaring the Huron Cemetery to be "reservation" land. The absence of a waiver is particularly strong as to the latter issue because the primary relief requested in the complaint and the relief which required the emergency intervention of the Wyandotte Tribe was the injunction against taking the Shriner Tract into trust.[2]

■ We recognize that we cannot merely assume because the Wyandotte Tribe is a necessary party claiming immunity, that it is also an indispensable party. *Davis v. U.S.,* 192 F.3d 951, 960–61 (10th Cir.1999). But, we believe equity and good conscience would not allow this matter to proceed

without the Wyandotte Tribe as a party. Any judgment against the Wyandotte Tribe in its absence would be extremely prejudicial to its land and economic interests. The court can think of no protective provision in a judgment which would lessen or avoid the prejudice. A judgment issued absent the presence of the Wyandotte Tribe would only lead to litigation attacking the judgment, and thus could be considered inadequate. Finally, there may be an alternative venue for tackling the issues of casino gambling on the Shriner Tract and the status of the Huron Cemetery. Certainly, as will be noted again later, the Secretary has indicated that some statutory considerations may apply to future actions relating to the property. In addition, the negotiation and approval of gaming compacts remains to be done. 25 U.S.C. §§ 2701–21. Even if an alternative venue did not exist, we believe the interest of sovereign immunity is of greater concern. See *Ute Distribution Corp.,* 149 F.3d at 1266 n. 8 (the proposition that tribal immunity is waived if a party is otherwise left without a judicial remedy is inconsistent with Supreme Court precedent); *Pit River Home,* 30 F.3d at 1102–03 (dismissing challenge to ownership of land on similar grounds); see also, *Enterprise Management Consultants, Inc. v. United States ex rel. Hodel,* 883 F.2d 890, 894 (10th Cir.1989) (quoting 3A James Wm. Moore et al., Moore's Federal Practice, para. 19.15, at 19–226 n. 6 (1984)) ("When ... a necessary party under Rule 19(a) is immune from suit, 'there is very little room for balancing of other factors' set out in Rule 19(b), because immunity may be viewed as one of those interests as 'compelling by themselves.' ").

In sum, after considering the factors listed in Rule 19(b), the court believes Case No. 96–4129 must be dismissed be-

**2.** Part of the result in *Wichita and Affiliated Tribes v. Hodel,* 788 F.2d 765, 773 (D.C.Cir. 1986) is arguably contrary to the holding we make in this case. However, we believe the case is distinguishable because the opinion does not indicate that the tribes that inter-

vened as defendants ever asserted sovereign immunity. Indeed, because the opinion discusses somewhat academically whether the tribes *could* voluntarily waive immunity, we assume the tribes did not assert immunity as a defense.

cause in equity and good conscience this case cannot proceed without the Wyandotte Tribe, which has not waived its right to assert sovereign immunity.

*Shriner Tract*

Even if the Wyandotte Tribe waived its sovereign immunity by intervening as a defendant in the action against taking the Shriner Tract into trust, the court would not grant plaintiffs' prayer for relief on this issue.

■ Plaintiffs attack the Secretary's determination that he was mandated by the provisions of Pub.L. 98–602 (1984) to take the Shriner Tract into trust. Pub.L. 98–602 provides:

A sum of $100,000 of such funds [allocated to the Wyandotte Tribe of Oklahoma under the act] shall be used for the purchase of real property which shall be held in trust by the Secretary for the benefit of such Tribe.

Plaintiffs contend that the mandatory language of the statute does not "require the Secretary to purchase any particular piece of land ... and does not abrogate the Secretary's obligation to satisfy the requirements of the trust statute, 25 U.S.C. § 465, and regulations, 25 C.F.R. § 151.1 *et seq.*, and to exercise his discretion as required by law in processing any trust application by the Wyandotte of Oklahoma." In other words, while conceding that the statute requires the Secretary to take land into trust, plaintiffs apparently contend the statute gives the Secretary discretion over *what* land is purchased to take into trust.

This awkward construction of the statute is contrary to the well-accepted principles that statutory language must be given its ordinary meaning and that "shall" is imperative or mandatory. See *Forest Guardians v. Babbitt,* 174 F.3d 1178, 1187 (10th Cir.1999); *U.S. v. Myers,* 106 F.3d 936, 941 (10th Cir.1997) *cert. denied,* 520 U.S. 1270, 117 S.Ct. 2446, 138 L.Ed.2d 205 (1997). Moreover, the Secretary's construction of the statute is entitled to deference. *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S.

837, 843–45, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

Accordingly, if required to decide whether the Secretary was required by law to take the Shriner Tract into trust, the court would answer "yes."

Plaintiffs have also argued that defendant acted in an arbitrary and capricious fashion by failing to scrutinize whether Pub.L. 98–602 funds were actually used to purchase the Shriner Tract. We reject this contention. Upon the record presented to the court, the Secretary appeared to accept the representation of the Wyandotte Tribe that Pub.L. 98–602 funds were being used for the purchase. Evidence reflecting the Tribe's commitment to use Pub.L. 98–602 funds for the purchase is present in various parts of the record. *E.g.,* Resolution No. 950418A of the Wyandotte Tribe of Oklahoma, Tab 17 of the Administrative Record. Plaintiffs make arguments regarding the actual price of the purchase. But, these arguments do not show that Pub.L. 98–602 funds were not paid to purchase the property. On balance, plaintiffs' arguments do not show that the Secretary ignored the source of the funds for the purchase or that the Secretary clearly erred in deciding that Pub.L. 98–602 funds were used. Plaintiffs' arguments simply challenge the apparent decision of the Secretary not to look behind the representation of the Tribe that Pub.L. 98–602 funds were used. We do not believe our role is to second-guess how the Secretary carries out his statutory mission as long as he has considered the appropriate factors and his decision is not counter to evidence before the agency. See *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *Olenhouse v. Commodity Credit Corp.,* 42 F.3d 1560, 1574 (1994). Neither condition has been demonstrated by plaintiffs.

*NEPA & NHPA*

■ Plaintiffs also assert that the Secretary has failed to comply with the National Environmental Policy Act of 1969

("NEPA"), 42 U.S.C. § 4321 *et seq.*, and the National Historic Preservation Act ("NHPA"), 16 U.S.C. § 470 *et seq.*, in taking the Shriner Tract into trust. The Secretary contends that NEPA and NHPA are not applicable because he performed a merely ministerial role, but that the statutes will apply to future actions related to the property.

As noted previously, we agree with the defendants that the Secretary was required by law to take the Shriner Tract into trust; it was a nondiscretionary duty. Accordingly, we find that the NEPA did not apply to this decision. See *American Airlines, Inc. v. Department of Transportation*, 202 F.3d 788 (5th Cir.2000); *Goos v. Interstate Commerce Commission*, 911 F.2d 1283 (8th Cir.1990); see also, *Sierra Club v. Hodel*, 848 F.2d 1068, 1089 (10th Cir.1988) ("federal" action for purposes of NEPA presupposes authority to exercise discretion over an outcome).

We further agree that, for the same reason, NHPA does not apply to the decision to take the Shriner's Tract into trust. See *Lee v. Thornburgh*, 877 F.2d 1053 (D.C.Cir.1989) (NHPA does not apply where Congress, not a federal agency, appropriated funds and approved the construction plans for a prison); *U.S. v. 162.20 Acres of Land*, 639 F.2d 299 (5th Cir.) *cert. denied*, 454 U.S. 828, 102 S.Ct. 120, 70 L.Ed.2d 103 (1981) (the vesting of title is neutral *vis-a-vis* the NHPA and therefore compliance is not a defense to condemnation).

*Summation*

The court directs that Case Nos. 96–4129 and 96–4130 be dismissed. Case No. 96–4130 must be dismissed because an indispensable party, the Wyandotte Tribe, has been dismissed by agreement on the basis of the Tribe's sovereign immunity. Case No. 96–4129 must be dismissed because an indispensable party, the Wyandotte Tribe, has not expressly waived its sovereign immunity by intervening as a defendant in the action. There are two issues raised in Case No. 96–4129: whether the Shriner Tract should have been taken into trust and whether the Huron Cemetery is reservation land. The Wyandotte Tribe, which intervened under exigent circumstances, clearly did not waive its immunity regarding the Huron Cemetery claim. As to the Shriner Tract issue, even if waiver was found, the court would hold that taking the Shriner Tract was a nondiscretionary function of the Secretary which did not invoke the provisions of NEPA or NHPA.

The court acknowledges that this holding leaves undecided the Huron Cemetery issue which could be critical to the underlying dispute between the plaintiffs and the Wyandotte Tribe, i.e., whether there is casino-style gambling on the Shriner Tract. However, the court is convinced that the issue can be determined in another judicial forum under different circumstances which do not require a court to ignore settled case law regarding sovereign immunity and the waiver of sovereign immunity.

**IT IS SO ORDERED.**