MIAMI TRIBE OF OKLAHOMA, a
federally recognized American
Indian Tribe, Plaintiff,

v.

Rex U. WALDEN, et al., Defendants.

No. 00–CV–4142–JPG.

United States District Court,
S.D. Illinois.

March 30, 2001.

Francis E. Pennington, III, Spencer, Fane, Clayton, MO, Leslie M. Turner, Todd M. Stenerson, Akin, Gump et al., Washington, DC, Larry B. Leventhal, Larry Leventhal & Associates, Minneapolis, MN, for plaintiff.

William L. Broom, III, Barrett, Twomey et al., Carbondale, IL, Jeffrey W. Tock, Attorney at Law, Champaign, IL, David F.B. Smith, Pierson, Semmes, et al., Washington, DC, William L. Sauerwein, William L. Sauerwein & Associates, St. Louis, MO, Scott A. Huber, Cutright & Cutright, Mervin Lee Wolfe, Attorney at Law, Toledo, IL, William A. Alexander, Trout, Alexander et al., Benton, IL, Barry Levenstam, Jerold S. Solovy,

Daniel Lynch, Megan B. Poetzel, Jenner & Block, Chicago, IL, Raymond J. Ostler, John J. Lydon, Robert M. Gomberg, Maureseta T. Hawkins, Gomberg, Sharfman, et al., Chicago, IL, for defendants.

### MEMORANDUM AND ORDER

GILBERT, District Judge.

This matter comes before the Court on a motion to intervene filed by the State of Illinois ("Illinois") (Doc. 16). Illinois seeks to intervene for the limited purpose of moving to dismiss the action for lack of jurisdiction. Mindful of Illinois's eleventh amendment immunity from suit in federal court, the Court raised the issue of its jurisdiction to consider the motion to intervene. The Court first addresses the issue of jurisdiction, then the motion to intervene.

## I. Background

Plaintiff Miami Tribe of Oklahoma ("the Miami Tribe") brings this suit claiming ownership and sovereign control over more than 2.6 million acres of land in the Wabash Watershed within Illinois that it claims is tribal land ("Wabash Watershed Lands").[1] The Miami Tribe alleges that the United States never properly extinguished the Miami Tribe's title to the tribal land and that the Miami Tribe never ceded the land to the United States. As a consequence, the Miami Tribe contends that its claim to the Wabash Watershed Lands is superior to the titles held by the defendants in this case, each of whom currently purports to own part of the Wabash Watershed Lands.[2]

Illinois seeks to intervene in this suit for the limited purpose of moving to dismiss the suit for lack of jurisdiction. Illinois believes that it is entitled to intervene because resolution of the suit could deprive it of its sovereignty and jurisdiction over the Wabash Watershed Lands, including its power to regulate and tax activities on that land.

1. The Miami Tribe claims ownership of and sovereignty over all 2.6 million acres, although its prayer for relief seeks an award involving only certain tracts within that 2.6 million acres.

2. For simplicity's sake, the Court will refer to the defendants as the "defendant landowners." By this, the Court does not intend to convey any opinion about who is the rightful owner of any of the Wabash Watershed Lands.

## II. Jurisdiction

 The Court has jurisdiction to consider Illinois's motion to intervene. It is true that the eleventh amendment prohibits a federal court from exercising jurisdiction over suits against a state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Darne v. Wisconsin Dep't of Rev.*, 137 F.3d 484, 487–88 (7th Cir.), *cert. denied* 525 U.S. 967, 119 S.Ct. 415, 142 L.Ed.2d 337 (1998). However, a federal court has jurisdiction to allow a state to intervene in a case where the court may not, in the end, have jurisdiction to decide the merits of the case against the intervening state. *See, e.g., Zych v. Unidentified, Wrecked and Abandoned Vessel Believed to be SB Lady Elgin*, 746 F.Supp. 1334, 1350 (N.D.Ill.1990), *rev'd on other grounds*, 941 F.2d 525, (7th Cir.1991) (discussing Illinois agencies' intervention for the sole purpose of disputing federal jurisdiction); *Sac & Fox Nation of Mo. v. Babbitt*, 92 F.Supp.2d 1124, 1126–27 (D.Kan.2000), *rev'd on other grounds*, 240 F.3d 1250 (10th Cir.2001) (noting intervention of party seeking, but not obtaining, dismissal of entire case for lack of jurisdiction over intervenor); *In re Magnolia Venture Capital Corp.*, 218 B.R. 843, 848–49 (S.D.Miss.1997) (allowing intervention accompanied by intervenor's assertion of sovereign immunity). Indeed, it is well-recognized that a court has jurisdiction to determine its own jurisdiction. *United States v. United Mine Workers*, 330 U.S. 258, 290, 67 S.Ct. 677, 91 L.Ed. 884 (1947); *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999). It follows that a court may permit a party, over whom it may not ultimately have jurisdiction, to intervene, when appropriate under Federal Rule of Civil Procedure 24, to determine whether the Court has jurisdiction to decide the claims involving the intervening party.

 The Miami Tribe's arguments do not persuade the Court to hold otherwise. It admits that a federal court has jurisdiction to entertain a motion to intervene under Rule 24(a) based on a proposed intervenor's non-proprietary interests in the subject of the litigation. *See, e.g., Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v.*

*United States*, 921 F.2d 924, 927–28 (9th Cir.1990). It also admits that a federal court has jurisdiction to entertain a motion to intervene under Rule 24(a) based on a proposed intervenor's proprietary interests, even where the purpose of the intervention is to seek dismissal of the action based on eleventh amendment sovereign immunity. *See, e.g., Zych v. Wrecked Vessel Believed to be Lady Elgin*, 960 F.2d 665, 667–68 (7th Cir.), *cert. denied sub nom. Zych v. Illinois Historic Preservation Agency*, 506 U.S. 985, 113 S.Ct. 491, 121 L.Ed.2d 430 (1992); *Schumaker v. Sommer*, 386 F.Supp. 618, 622 (D.S.D.1974), *aff'd*, 518 F.2d 653 (8th Cir. 1975), *cert. denied sub nom. South Dakota Dep't of Transp. v. Lawren*, 423 U.S. 1072, 96 S.Ct. 854, 47 L.Ed.2d 82 (1976). However, the Miami Tribe contends that federal courts do not have jurisdiction to entertain Rule 24(a) motions to intervene based on a proposed intervenor's non-proprietary interests if the purpose of such intervention is to seek dismissal of the action based on eleventh amendment immunity, as is the situation in this case. The Court is not persuaded by this unsupported proposition. The plaintiff has not provided any case law supporting a meaningful distinction between proprietary and non-proprietary interests in this context, and the Court sees no principled reason to do so in the case at bar. It is clear from the aforementioned cases that federal courts have jurisdiction to entertain Rule 24(a) motions regardless of the nature of the alleged interest of the proposed intervenor.

The Miami Tribe makes much of the fact that it is not coercing Illinois into federal court by seeking money or other property from it, some of the hazards sought to be avoided by the eleventh amendment. However, although the Miami Tribe does not expressly seek in this suit to take money or real estate from Illinois, the suit, by its very nature, seeks to remove at least part of the Wabash Watershed Lands from the area over which Illinois exercises sovereignty and convert it to tribal land. The implications of such a conversion are far greater than those of a mere transfer of ownership between private citizens or even between a private citizen and a tax-exempt organization. The implications are also greater than those of a

lawsuit involving a sovereign's marginal security interest in property. *See United States v. Rural Elec. Convenience Coop. Co.,* 922 F.2d 429, 435–36 (7th Cir.1991) (discussing sovereign immunity of United States). The Miami Tribe's challenge is tantamount to an effort to usurp the sovereign powers that Illinois has historically exercised over the subject lands. These powers are inseparable from the ownership rights of the defendant landowners, which are currently subject to those powers. Thus, the Miami Tribe is challenging Illinois's rights and powers in a fundamental way. The resolution of the Miami Tribe's challenge, however, is left for another day, for the Court does not decide today whether the eleventh amendment prevents this suit from progressing against Illinois and the defendant landowners. It merely decides that Illinois may bring that issue before the Court.

## III. Motion to Intervene

The Court finds that Illinois may intervene as a matter of right under Rule 24(a)(2). In drawing this conclusion, the Court has considered the entire file, including Illinois's motion to intervene (Doc. 16) and memorandum in support (Doc. 17), certain defendant landowners' briefs in support of Illinois's motion (Docs. 31 & 32), the Miami Tribe's memorandum in opposition to Illinois's motion (Doc. 38), and replies filed by Illinois (Doc. 35) and certain defendant landowners (Doc. 34).

### A. *Intervention of Right*

Where no statute conveys an unconditional right to intervene in an action, a party may intervene as a matter of right only upon timely application when "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2). Thus, Rule 24(a)(2) sets forth four requirements to obtain intervention of right: (1) timely application, (2) a claim of interest relating to the property or transaction that is

the subject of the action, (3) a danger that disposition of the action may as a practical matter diminish the applicant's ability to protect that interest and (4) a lack of existing parties that adequately represent the applicant's interest. *Sokaogon Chippewa Cmty. v. Babbitt,* 214 F.3d 941, 945–46 (7th Cir. 2000). An applicant must meet all four requirements before intervention of right is allowed. *Id.* at 946; *Wade v. Goldschmidt,* 673 F.2d 182, 185 n. 4 (7th Cir.1982). Courts should construe Rule 24(a)(2) liberally and should resolve doubts in favor of allowing intervention. *Loyd v. Alabama Dept. of Corrections,* 176 F.3d 1336, 1341 n. 9 (11th Cir.), *cert. denied,* 528 U.S. 1061, 120 S.Ct. 613, 145 L.Ed.2d 509 (1999); *Turn Key Gaming, Inc. v. Oglala Sioux Tribe,* 164 F.3d 1080, 1081 (8th Cir.1999). Accordingly, a court should not deny a motion to intervene unless it is certain that the proposed intervenor cannot succeed in its case under any set of facts which could be proved under the complaint. *Reich v. ABC/York–Estes Corp.,* 64 F.3d 316, 321 (7th Cir.1995).

#### 1. *Timeliness of Motion*

The Miami Tribe does not contest that Illinois's motion is timely. It was filed shortly after this litigation began, before any party answered or otherwise responded. The Court finds that the motion was timely and therefore meets the first requirement of Rule 24(a)(2).

#### 2. *Claim of Interest Relating to the Subject of the Action*

Illinois's claim of an interest in sovereignty and jurisdiction over the Wabash Watershed Lands, including an interest in regulating and taxing within that territory, is sufficient to constitute a claim of "an interest relating to the property or transaction which is the subject of the action." Rule 24(a)(2).

While the "interest" to which Rule 24(a)(2) refers has never been precisely defined, the Supreme Court has held that it must be a "significantly protectable interest." *Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *see Security Ins. Co. of Hartford v. Schipporeit, Inc.,* 69 F.3d 1377, 1380 (7th Cir.1995). The Court

of Appeals for the Seventh Circuit has added a bit more guidance by holding that the interest must be a "direct, significant, legally protectable" one. *Security Ins. Co.*, 69 F.3d at 1380; *American Nat'l Bank & Trust Co. v. City of Chicago*, 865 F.2d 144, 146 (7th Cir.1989); *Wade v. Goldschmidt*, 673 F.2d 182, 185 (7th Cir.1982) (*per curiam*). It must be more than a "betting" interest, but need not amount to a property right. *Security Ins. Co.*, 69 F.3d at 1380–81 (citing *Reich v. ABC/York–Estes Corp.*, 64 F.3d 316 (7th Cir.1995), and *United States v. City of Chicago*, 870 F.2d 1256, 1260 (7th Cir.1989)). "[T]he critical concern is not the theoretical interests of proposed intervenors, ... but whether already initiated litigation should be extended to include additional parties." *United States v. 36.96 Acres of Land, More or Less, Situated in LaPorte Co., Ind.*, 754 F.2d 855, 858 (7th Cir.1985) (internal quotations omitted), *cert. denied sub nom. Save the Dunes Council, Inc. v. United States*, 476 U.S. 1108, 106 S.Ct. 1956, 90 L.Ed.2d 364 (1986). "Whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination, making comparison to other cases of limited value." *Security Ins. Co.*, 69 F.3d at 1381. However, the analysis of the directness and significance of the interests at issue must be rigorous. *36.96 Acres*, 754 F.2d at 860; *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir. 1982).

Courts have long recognized that a governmental entity has sovereign interests in exercising power over individuals and entities in its territory and in having its territory and power recognized by other sovereigns. *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 601, 102 S.Ct. 3260, 73 L.Ed.2d 995 (1982). A governmental body's sovereign interest is the type of direct, significant and legally protectable interest that could justify intervention under Rule 24(a)(2). *See Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v. United States*, 921 F.2d 924, 927–28 (9th Cir.1990); *see, e.g., Sierra Club v. City of San Antonio*, 115 F.3d 311, 315 (5th Cir.1997) (holding that state's claim of "important sovereign interest" in protecting the authority of and enforcing a statutory

scheme satisfied requirements of Rule 24(a)(2)); *United States v. Oregon*, 745 F.2d 550, 553 (9th Cir.1984) (noting that state's claim of interest in regulating fishing satisfied requirements of Rule 24(a)(2)).

*Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v. United States*, 921 F.2d 924 (9th Cir.1990), presents a situation similar in many respects to the case at bar, at least in this preliminary stage. In that case, a city government asked to intervene under Rule 24(a)(2) in a lawsuit that sought to convert land within the city's boundaries to Indian tribal land. *Id.* at 926. The city asserted the same type of interest that Illinois asserts in this case: an interest in taxing and regulating the land in question. *Id.* at 927. The Court of Appeals for the Ninth Circuit found that the city's claim of interest in the removal of property from its jurisdiction was sufficient to meet the requirement of Rule 24(a)(2), stating:

> We find that the City's tax and regulatory concerns are sufficient ... to establish a protectable interest in the [plaintiffs'] action and to allow intervention by the City. Municipal governments perform essential tasks in regulating property within their borders. If the [subject land] is removed from municipal jurisdiction, as the [plaintiffs'] action seeks, the City will lose tax revenue and the remaining city property may, as a practical matter, be affected by the City's inability to enforce land-use and health regulations.

*Id.* at 927–28 (footnote omitted). The Court of Appeals concluded that the city was entitled to intervene as a matter of right. *Id.* at 928.

The Court believes that the claim of interest asserted by Illinois, like the claim asserted by the city in *Scotts Valley*, is a direct, significant and legally protectable one and is therefore sufficient under Rule 24(a)(2). Illinois's claim of interest involves a non-speculative and direct right to impose taxes and to promulgate civil and criminal regulations governing the people and property within the Wabash Watershed Lands. Although not a claim of ownership *per se*, a claim of territorial sovereignty is legally protectable, as evi-

denced by territorial dispute cases between sovereign entities. *See, e.g., New Jersey v. New York,* 523 U.S. 767, 118 S.Ct. 1726, 140 L.Ed.2d 993 (1998) (resolving dispute over territorial jurisdiction over filled portions of Ellis Island); *California v. Nevada,* 447 U.S. 125, 100 S.Ct. 2064, 65 L.Ed.2d 1 (1980) (resolving border dispute); *Mississippi v. Arkansas,* 415 U.S. 289, 94 S.Ct. 1046, 39 L.Ed.2d 333 (1974) (resolving dispute over in which state Luna Bar in the Mississippi River was located).

### 3. *Danger that Disposition May Diminish Ability to Protect Interest*

■ There is a significant danger that disposition of this action may, as a practical matter, diminish Illinois's ability to protect its sovereign interest in the Wabash Watershed Lands. It is clear that if the Miami Tribe were to succeed in its claim that it owns the Wabash Watershed Lands, or any part thereof, and is therefore the sovereign authority over that land, Illinois would be unable to exercise its claimed sovereignty. Illinois would no longer be able to tax the Indian lands or regulate the individuals and entities on those lands in the same manner and to the same extent that it does now.

The Miami Tribe speculates that Illinois will seek to be dismissed from the suit individually on eleventh amendment grounds if it does not succeed in its efforts to have the entire case dismissed on the coattails of its eleventh amendment immunity. It claims that this anticipated strategy belies Illinois's present suggestion that the disposition of this action may impair or impede its ability to protect its interests. The Court finds that the Miami Tribe's speculation that Illinois will exit the case if its motion to dismiss is unsuccessful and the significance of that speculation have no bearing on the existence of a significant risk to Illinois's interests by the resolution of this case in its absence. For these reasons, the Court concludes that resolution of this litigation without the participation of Illinois would create a significant risk of diminishing Illinois's ability to protect its claimed sovereign interest in the subject land. The third requirement of Rule 24(a)(2) is satisfied.

### 4. *Lack of Existing Parties that Adequately Represent Interest*

■ Illinois has demonstrated that the defendant landowners do not adequately represent Illinois's interest in this case. The proposed intervenor's burden is minimal; it is sufficient to show that representation *may be* inadequate. *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). "[T]he applicant should be treated as the best judge of whether the existing parties adequately represent his or her interests, and ... any doubt regarding adequacy of representation should be resolved in favor of the proposed intervenors." 6 James Wm. Moore *et al.,* Moore's Federal Practice § 24.03[4][a] (3d ed.) (footnotes omitted).

■ A proposed intervenor has made a sufficient showing that representation may be inadequate under Rule 24(a)(2) if it demonstrates that the existing parties' interests are not completely identical to and may come into conflict with its own interests. *Trbovich,* 404 U.S. at 538 n. 10, 92 S.Ct. 630.; *cf. Solid Waste Agency of N. Cook Co. v. United States Army Corps of Eng.,* 101 F.3d 503, 508 (7th Cir.1996) ("Where the interests of the original party and of the intervenor are identical—where in other words there is no conflict of interest—adequacy of representation is presumed.").

■ Illinois's interests in this case are not completely identical to and may come into conflict with those of the defendant landowners. It is true that the defendant landowners may very well wish to have Illinois as the sovereign authority over the land on which they live. They may be happy with the laws, services and tax rates that come with Illinois's sovereignty. The main thrust of their interests, however, is likely their ownership rights and/or the value of their individual plots of land. Their concerns are preeminently personal to their own individual livelihood and well-being. Illinois, on the other hand, has interests in exercising its sovereignty and jurisdiction over the entire state of Illinois for the collective benefit of all citizens, keeping many varied and competing interests in mind. Illinois's interests include

an economic interest in taxing landowners to enable Illinois to care for its citizens, which is likely directly opposed to many landowners' preference for retaining their hard-earned money. In sum, Illinois's interests are far broader in scope than, and may conflict with, those of any individual landowner. For this reason, no individual landowner can adequately represent Illinois's interests in this litigation. This is strikingly illustrated when one realizes that an individual landowner, perhaps a farmer who is ready to retire, may be tempted to settle this lawsuit, relinquish his land to the Miami Tribe for a price exceeding the fair market value of his land, and retire to Florida for a life of luxurious relaxation. If the farmer took this course of action, his interest in his own well-being would be satisfied, but the state of Illinois's interests would not. The Court concludes that Illinois has sufficiently demonstrated that its interests are not identical to and may conflict with the defendant landowners' and that therefore the defendant landowners cannot adequately represent Illinois's interests.

For the foregoing reasons, the Court finds that Illinois may intervene as a defendant in this action of right pursuant to Rule 24(a)(2) and hereby **GRANTS** the motion to intervene (Doc. 16).

B. *Permissive Intervention*

Because the Court has found that Illinois may intervene as a matter of right, it is not necessary to consider whether the Court should allow Illinois to intervene under Rule 24(b).

**IV. Proposed Motion to Dismiss**

Illinois has indicated that it wishes to move to dismiss this case in its entirety by a motion similar to the one attached to its motion to intervene. The Court hereby **ORDERS** the following briefing schedule for such a motion to dismiss:

● Illinois shall have up to and including April 20, 2001, to file a motion to dismiss and supporting brief addressing eleventh amendment immunity and the joinder of necessary parties, not to exceed ten pages;

● Any other party wishing to support Illinois's motion shall have up to and includ-

ing April 27, 2001, to file a non-repetitive brief in support of the motion, not to exceed five pages;

● the Miami Tribe shall have up to and including May 18, 2001, to file a brief in opposition to the motion, not to exceed ten pages; and

● Illinois and any other party who filed a brief in support of the motion shall have up to and including June 1, 2001, to file a reply to the Miami Tribe's response, not to exceed five pages.

No party will waive other grounds for dismissal by failing to raise them in the foregoing motion and briefs.

**IT IS SO ORDERED.**